BOTTS *vs.* ARMSTRONG.

1. In proceedings before a magistrate, of forcible entry and detainer, force is the *gist* of the action:

2. And taking possession of the premises of another, and sending off his slaves, will, under the statute, amount to the force necessary to maintain this proceeding.

3. Though taking peaceable possession of the premises of another, under color of title, will not authorise the action of forcible entry and detainer.

4. Where the consideration of the evidence, shewing the circumstances connected with the entry of defendant upon the premises, is taken from the jury, by the charge of the court, the case will be remanded.

5. A peaceable entry may be converted into an unlawful detainer, if possession is unlawfully withheld from the person entitled to possession.

Error to the Circuit court of Mobile.

Forcible entry and detainer, tried before Judge *Harris.*

This case was brought up to the Circuit court, by *certiorari,* from a justice of the peace. Plaintiff below complained before the justice, of forcible entry and detainer, against the defendant, Botts, and one Jordan, against whom the case was discontinued, as it appeared the summons had not been served on him. Plea, not guilty. Verdict, guilty—and judgment accordingly.

The errors assigned in the Circuit court, were—

1. That the court below refused to quash the complaint and proceedings of the plaintiff in the cause as requested.

8 P.

2. The court erred in proceeding against the defendant, Botts, after the plaintiff had discontinued his suit against the defendant, Jordan.

3. The court erred in rejecting as evidence, a certain power of attorney, made by Crocket and wife, when offered, as shewn by the record.

4. The court erred in rejecting the witness, Jordan, when offered by the defendant below.

5. The court below erred in the several instructions given to the jury, as shewn by the record.

The Circuit court affirmed the judgment, and the same assignment of errors was presented to this court.

*Thornton,* for the plaintiff in error.
*Campbell,* contra.

*Thornton,* for the plaintiff in error, said he did not insist on the reversal of this cause, for all the grounds assigned in the court below: He was inclined to think, as to the first, that the interest of tenant at will, was sufficient to maintain the action, though perhaps it should have stated *at whose will he was tenant.*

As to the discontinuance of the action against Jordan, on whom the summons was not served, perhaps the case was embraced by the rule which authorised a discontinuance at any time, against any one defendant, in an action *ex delicto, &c.* He relied with the utmost confidence on the fifth ground, viz. the instructions of the justice to the jury—particularly, because he charged, that an *entry* upon the possession of plaintiff below, subjected the defendant to the action, if that entry was made without

Botts *vs.* Armstrong.

the consent of defendant. Entry by B upon the possession of A, if made *peaceably*, though without A's consent, is not enough to sustain the writ of forcible entry and detainer—he must either have *entered forcibly*, or have *detained forcibly*. The *force* is the *gist*. As to what constitutes *force*, see the statute;—our statute is unlike the acts in some of the States, as, for example, Kentucky —(See Ky. Dig. vol. 1, 612; Woodfell's Landlord & Ten. 3 Marsh. 297—as to *forcible detainer*. By statute of Kentucky, *forcible entry* may be any entry against the will of possessor—so, 4 Bibb, 389, 192.)

*Campbell*, for the defendant in error.—An entry upon the possession of another, with the intention of depriving him of it unlawfully, is sufficient evidence of force, in an action of forcible entry and detainer—(3 Marsh. 344; 4 Bibb, 192, 388.) A right to property, without a right to immediate possession, does not authorise such an entry —(1 Porter, 144; 5 Stew. & P. 86.) A tenant at will, may maintain this action—(2 Marsh. 35; 5 Stew. & P. 86; Minor's R. 98.)

ORMOND, J.—The only error now insisted on, is the charge of the justice of the peace.

The substance of the testimony, as found in the record, is, that the defendant, as the administrator of one Inston, was in the possession of the premises, having some negroes there. That in his absence, the plaintiff, who had married one of the heirs of Inston, entered upon, and took possession of the premises, and also took away the negroes of the defendant, who were there.

Botts *vs.* Armstrong.

The charge of the justice of the peace to the jury, is as follows: That it was their duty to ascertain from the evidence, who was in possession, when Botts and his friends went to the place. If Armstrong was there peaceably, Botts must be found guilty, as charged.

Secondly—Who is now in possession ? If Botts, or his agent, how did he get there ? If they went there in the absence of Armstrong, and entered upon the possession without his consent, they are guilty, as charged. If they were there under color of title, no matter how good, they are guilty. That if Armstrong was in possession, and Botts entered upon the premises without the consent of Armstrong, first had and obtained, either in writing or verbally, and in his absence, that this was sufficient to entitle the plaintiff to recover in this action. That the defendant, though he might claim under the heirs of Inston, had no right to take the possession without the leave or consent of Armstrong—that the law does not allow a man to wrest even his own property from another possessor, by force.

To support this charge, it is necessary to maintain, that the taking peaceable possession of the premises of another, under color of title, will support this action. This is a position which the statute will not sustain.

The first section of the act on which this proceeding is founded, declares "that no person shall enter upon any lands, tenements, &c. and detain or hold the same, but where entry is given by law, and then only in a peaceable manner.

The second section describes what shall constitute the force which will maintain this action, and declares that

the carrying away the goods of the party in possession, shall be evidence of force within the meaning of the act.

The proof before the justice of the peace was, that the defendant below took possession of the premises, and carried or sent away the negroes of the plaintiff below, who were there. This was such force, as under the statute would maintain the action, if the jury believed the testimony. But they were prevented from considering it, by the charge of the justice of the peace, several times repeated, that if Botts entered on the premises without the consent of Armstrong, that Armstrong was entitled to recover; thus leaving entirely out of view, the *force* which constitutes the very gist of the action.

It is true, that at the close of the opinion, he says "that the law does not allow a man to wrest from another possessor, even his own estate, by force." But this cannot be considered a charge upon the testimony, but is rather a statement of the law, to sustain the charge before given on the evidence.

It is not for this court to say whether the jury would have given credence to the testimony or not, it is sufficient, that under the charge, it was entirely unnecessary for them to consider the only testimony in the cause, which was evidence of force, viz. the taking or carrying off the defendant's negroes from the premises, and by proof of which alone, the right to maintain this action could be supported.

The cases cited from the Kentucky Reports, are not applicable to this case. The statute of forcible entry and detainer of that State, contains this clause: "The forcible entry intended by this act is, and shall be, any

Botts *vs.* Armstrong.

entry with or without multitude of people, against the will or without the consent of the person or persons having the possession in fact, of the premises into which such entry shall be made." The question of *force*, therefore, under this act, would be entirely unimportant, as every entry without the consent or against the will of the person in possession, is declared to be a forcible entry.

But by the statute of this State, to constitute a forcible entry, *force* is absolutely necessary; and the second section of the law enumerates the different acts which shall constitute the force, and without proof of which, the action for a forcible entry cannot be maintained.

By the third section, it is provided that no one who enters peaceably into the possession of lands, shall after wards hold the same unlawfully, and with force, &c. Under this section, a peaceable entry into lands, will be converted into an unlawful detainer, if possession is unlawfully withheld from the person entitled to the possession.

This clause does not apply to the case at bar, which is for a forcible entry, and is only mentioned here to prevent any conclusion from being drawn, that the decision here made would apply to cases of forcible detainer, under the third section.

The judgment of the Circuit court is reversed, and the cause remanded, that the Circuit court may remand it to the justice of the peace, with directions to issue a *venire facias de novo.*