## WALTERS v. ROGERS.

1. Where no diminution is shown, but a record of forcible entry before a justice is entered, according to the truth of the case, a *certiorari* ought not to awarded; *but, quere?* if a refusal to award a *certiorari* is reversible by writ of error.

2. The omission in a complaint for a forcible entry of the estate of the plaintiff in the premises, is perhaps demurrable, but it is certainly so when the complaint does not show the plaintiff was in possession at the time of the entry.

3. In such a complaint, evidence that the defendant entered peaceably is proper.

Writ of Error to the Circuit Court of Talladega.

Suit commenced before a justice of the peace by Walters against Rogers, for a forcible entry and unlawful detainer.

The complaint is in these words, to wit:

*The State of Alabama, Talladega County.*

Mr. John Wood—Dear Sir—This is to inform you, that on or about the 19th day of July, 1843, one J. N. Rogers forcibly took possession of my premises, and unlawfully detains the same. Said premises may be known as some houses that were built by William McPherson, and occupied by him in

the first instance, and lastly by Samuel Favors, until the undersigned got possession of them. The premises may be further known as some houses and other improvements that stand mostly on a lot or parcel of ground that was sold to Claiborne Hall, by William McPherson ; said lot or parcel of ground is a portion of section 2, T. 22, R. 2, east, in the Coosa land district. Said house is standing near where McPherson's old mill now stands, on Cedar creek. Said houses and improvements in or near the town of Fayetteville. Said house is standing on or near the township line, dividing townships 21 and 22. Said house may be further known as being inclosed in a field cultivated the present year, by James M. Jemison, in or near the town of Fayetteville ; there is thought to be a small portion of the improvements on the W. 1-2 of the S. E. 1-4 of S. 35, T. 21, R. 2, East, in the Coosa land district. These are therefore to notify you to enforce the law against the said J. N. Rogers, as the law directs, in such case made and provided. September 4, 1843.

HARDIN WALTERS.

The defendant demurred to this complaint, and the court overruled the demurrer.

He then pleaded not guilty, and after two successive mistrials, a verdict was returned, finding the defendant guilty of a forcible entry and detainer, as charged in the complaint. On this judgment was entered, that the plaintiff recover of the defendant his possession in and to the premises aforesaid, in manner and form by the jury found, and all the costs, &c.

At the trial, the defendant offered to prove that he took possession of the part of the premises occupied by him, and held the same peaceably, under a lease from one William McPherson, made about June, 1843 ; and that he went peaceably into possession, and held the same peaceably, when the plaintiff's complaint was made.

He further offered to prove by McPherson, that he, McPherson, purchased said land at a sale made under a decree in Chancery, and offered to produce the deed. All this was excluded.

The defendant then offered to prove by McPherson, that previous to the defendant's coming into possession of any part of the premises, he, McPherson, leased the portion occu-

pied by the defendant, at the time of the complaint, to the defendant, about June, 1843, and that the defendant then took peaceable possession, under the lease, and held the same peaceably ever since. All this was objected to by the plaintiff, and excluded by the justice. The defendant also offered to prove, that McPherson rented the land and premises in question to one Blount, in the forepart of 1843, and that Blount held possession under McPherson for the year 1843, by renting the premises in question to one Jemison, after Blount had rented the same from McPherson. This was rejected by the justice.

The justice charged the jury, that neither payment for the land, nor the payment of the money for rent, was testimony.

The cause was removed to the Circuit Court by *certiorari*, and there errors were assigned on the record certified by the justice. 1. In overruling the demurrer. 2. In excluding the testimony stated in the return. 3. In the charges given to the jury.

The plaintiff moved the Circuit Court to award a *certiorari* to the justice, and showed as cause therefor, by affidavits, that after the original *certiorari* was issued, and after the justice had made his return of the transcript, the record was taken out of court by an individual who, with other persons went to the justice and procured him to insert in the transcript the overruling of the demurrer, and the statement of the evidence rejected, and charges given to the jury. He also offered to show, the entries of these matters were made on the docket of the justice, some months after the trial, and after the allowance and issuance of the original *certiorari*. These facts were made to appear by the affidavit of the justice, who also stated the recitals in the transcript were true, and that such proceedings were had at the trial of the cause before him, and if another *certiorari* was awarded, he could only return the same matters.

The court refused the *certiorari*, reversed the judgment of the justice, and awarded a *procedendo* to the justice to award a *venire de novo*.

All the questions raised in the Circuit Court are opened by the assignment of errors.

Walters v. Rogers.

WHITE, for the plaintiff in error.

J. WALKER and W. P. CHILTON, contra.

GOLDTHWAITE, J.—1. We doubt whether the refusal of an inferior court to award a *certiorari* to amend or perfect a record, is the subject of revision by writ of error; but, however this may be, we think it was properly refused under the circumstances of this case. The statute makes it the duty of the justice to enter upon his minutes, or docket, the admission of evidence objected to, and the rejection of evidence offered, (Dig. 253, § 16,) and the party ought not to be prejudiced by his omission, especially when afterwards he enters it in conformity with the statute. In this case there seems no reason to suppose that any matter was introduced improperly upon the justice's minutes, and therefore another *certiorari* would have produced no other than the same record. No diminution of the record being shown, there was no ground to award a *certiorari*.

2. The complaint is perhaps defective in omitting to show the estate which the plaintiff claimed in the premises; and certainly is so, in not showing that the plaintiff had the actual possession at the time of the defendant's entry. [Childress v. McGehee, Minor, 131.] This defect in the complaint made it demurrable, and the justice, instead of overruling the demurrer should have sustained it, and dismissed the complaint if not amended. As an amendment will be necessary for this cause, it will be well for the party to consider whether the description of the premises may not be rendered more precise and certain.

3. Much of the evidence rejected was admissible. The party complains of a forcible entry and unlawful detainer, and it was entirely competent for the defendant to show in answer to the first part of the charge, that his entry was peaceable. The distinction in the statute between forcible entries and forcible and unlawful detainers, is adverted to and discussed in Botts v. Armstrong, 8 Porter, 57; Wright v. Lyle, 4 Ala. Rep. 112; Stinson v. Gosset, Ib. 172, and other cases; but these citations will suffice to show the evidence was admissible in this view. If the party entered peaceably, and

there was no evidence to show an unlawful or forcible detention, there is no pretence for the action.

What we have said is sufficient to show, the Circuit Court was right in its conclusion, and its judgment is therefore affirmed.