## LADD *vs.* DUBROCA.

[FORCIBLE ENTRY AND DETAINER.]

·1. *Forcible entry and detainer ; what count, in complaint for, not demurrable.*—A count, in a complaint for forcible entry and detainer, that "the defendant entered on said lands peaceably, and by force or threats detains the same," sufficiently describes the wrong, and is not bad on demurrer.

2. *Same ; what proper charge in action of.*—A charge, in an action of forcible entry and detainer, that, to constitute actual occupation of wild lands, subject to overflow, it was not necessary for the plaintiff to reside on it at the time of the entry, but that habitual and continuous acts of ownership, which were open, notorious, and demonstrative of his adverse intention, would be sufficient, is not erroneous.

3. *Same ; what constitutes forcible detainer ; when character of party making threats may be proved, on trial for.*—Threats of bodily harm to the former possessor, communicated to him by others, constitute forcible detainer ; and the character for violence of the party making them may be proved to show that the plaintiff was under a reasonable fear of harm.

APPEAL from Circuit Court of Mobile.
Tried bfore Hon. JOHN ELLIOTT.

THIS was an action of forcible entry and detainer, commenced by Dubroca against Ladd, on the 22d of May, 1868. The second count of the complaint, which avers " that defendant (appellant) entered on said lands peaceably, and by force or threats detains the same," was demurred to, " because it was not in accordance with the statute, and was insufficient to authorize the action." The demurrer was overruled, and defendant excepted.

The testimony adduced on the trial shows that the land in controversy was densely timbered " wild lands," situate between Mobile and Middle rivers, and subject to overflow in the spring and winter. Dubroca owned this land since 1852, and had on various occasions, with an interval of a year or so, at times, entered on the lands, cut timber thereon, and floated the same off, when the water was high, by means of lanes or roads cut through the woods by him. He often

permitted persons who would pay him for the timber to cut it from off said lands, and had several times warned trespassers off. In 1866, Dubroca contracted with one Joseph Smith to go on said lands and cut wood, which Smith did. Smith remained several weeks, with a number of hands, and erected a house or shelter on said lands near the bank of Mobile river. In the spring of 1867, during high water, Dubroca entered the lands, and cut and floated off cypress timber therefrom. Dubroca never lived on the land, or cleared or enclosed it, and after 1867 had never visited or been on it.

Ladd, the appellant, took possession of the land in November, 1867, alleging that he was ignorant that any person claimed it, and built a frame house on the land, and rented it to a tenant who cleared and cultivated about an acre of land thereon ; and this tenant, and Ladd, and others, have had control and possession of the land ever since, and still hold possession of it. Ladd denied that he had ever threatened to take life, or otherwise harm Dubroca.

On Dubroca's examination, he testified that " he had been informed by one John Doyle, that Ladd threatened to shoot him if he attempted to take possession of the land ; that Ladd had not told him so, but that he heard of the threat through said Doyle ; that *he* (witness) *regarded Ladd as a dangerous man.* The defendant objected to the admission of the italicised portion of the evidence, but his objection was overruled, and he excepted.

Dubroca was also allowed " to state, against the objection of defendant, that defendant's character and reputation was that of a violent and desperate man," and defendant excepted.

Dubroca testified that one John Doyle, whose deposition had been taken in a former suit between the same parties in relation to this land, had been summoned as a witness for him in this case, and had attended at a previous day of the term, but was not present when the case was called, about three weeks since ; that the day after the case was called and set for trial, he met Doyle, who informed him that he would leave for Mississippi next day, his "plunder" having already gone forward ; that witness went to

Doyle's usual place of resort as late as the day before the case was tried, and endeavored to find Doyle, but could not; that Doyle's brother informed him then that Doyle had gone to Mississippi; and from what he knows and has heard, witness supposes Doyle now lives in Mississippi.

The appellee then offered to read in evidence the deposition of said Doyle, it being shown to the court that said deposition was regularly and duly taken in a previous suit between the same parties, in regard to the same subject matter, and that said former suit had been dismissed. The court, against the objection of the defendant, allowed the deposition of Doyle to be read to the jury, and defendant excepted. In this deposition, Doyle deposes to a threat by Ladd "to try the virtue of lead on Dubroca, if he came on the land and did not leave when ordered." But no question seems to have been put, nor does Doyle say whether or not, he communicated the threat to Dubroca.

Another witness for appellee, Dubroca, testified that Ladd went on the land in 1867, and that he had heard that defendant threatened to shoot appellant if he went on the land, but that he did not hear defendant say it; defendant objected to the witness stating what he had heard, unless he heard it from defendant himself; but appellee stated that he introduced it to show that appellee had notice of such threats, and the court allowed it to go to the jury for this purpose, and defendant excepted.

This was all the evidence.

The court, among other things, charged the jury as follows: "If you believe from the evidence, that Dubroca exercised acts of ownership and control of the land of such a character as to demonstrate an adverse intent against all the world, and Ladd marched in on the land and took possession, and afterwards by speech and conduct, reported to Dubroca by witnesses, indicated to him that there was danger to him from Ladd if Dubroca attempted to stand upon his possession, (if the jury find that Dubroca was really in possession,) then I charge you to find for the plaintiff. But if you find from the evidence that all this was not so, then you ought to find for the defendant. It is a principle of law that when a man *bona fide* enters upon part of a

tract of land, the possession of part draws to it the possession of the whole to the extent of his claim, for in large tracts it is not to be expected that every part will be kept under fence and control."

The court further charged the jury that, "If Dubroca was in possession of a part of said land, claiming the whole tract, and exercising acts of ownership which were open and notorious and demonstrative of his adverse right, then such possession of part would, in law, draw to it the possession of the whole tract; and that if Ladd entered peaceably upon said lands, and by force or threats prevented Dubroca's going upon the same, and kept him off the lands, then defendant would be guilty of forcible detainer. That it was not necessary that Dubroca, or any one for him, should have lived on the said tract, or been otherwise in the actual occupancy of the land at the time of the entry by Ladd; but it would be sufficient if Dubroca had habitually and continuously exercised acts of ownership, showing a disposition to control, and that such acts were open, notorious and demonstrative of his adverse intent; and that if Ladd prevented him from exercising such acts of ownership, and kept him off said lands, and out of possession thereof, by force or threats, he would be guilty of a forcible detainer thereof; that it was not necessary that the force or threats should have been exhibited directly against Dubroca, or any one claiming under him, but was sufficient if made known to Dubroca; and that they might take into consideration the character of the defendant." The defendant excepted to these charges, and requested the court to charge the jury, "that the facts stated by the witnesses that the plaintiff had, in the spring of 1867, and on previous occasions, cut timber from the land, for several weeks or months at a time, and at one time had a shelter erected thereon for the hands at work there, would not show such possession by plaintiff at the time of Ladd's entry as would entitle the plaintiff to recover under the statute, either for a forcible entry or a forcible detainer." The court refused to give this charge, in the terms in which it was asked, and stated to the jury that, if Ladd entered upon the land and kept the possession, by force or threats, and thus prevented

plaintiff from entering and using and controlling said lands as he had done before, that defendant would be guilty of a forcible detainer of the land, under the statute. To the refusal to give the charge as asked, and to the charge given, defendant excepted.

The jury found for the plaintiff, Dubroca, and judgment was rendered accordingly, and hence this appeal.

The errors assigned are, that the court erred—

1st, In overruling the demurrer.

2d, In admitting Doyle's deposition.

3d, In admitting evidence as to the character of defendant, as shown in the bill of exceptions.

4th, In the charges given, and the refusal to give the charge asked.

ANDERSON & BOND, for appellants.—In order to maintain this action, it is absolutely essential that the plaintiff should be in actual possession of the premises, otherwise the action cannot be maintained under the statute.—Rev. Code, 329.

The evidence in this case shows that Dubroca was not in possession of the land, and had not been for a considerable period of time, if ever; whether by wright or wrong, the plaintiff must be in actual peaceable possession. Bishop's Crim. Law, vol. 2, § 412 ; *Rex v. Wilson,* 8 Ten. 357 ; *Beauchamp v. Norris,* 4 Bibb, 312 ; *State v. Bennett,* 4 Dev. & Battle, 43 ; *Russell v. Desflaus,* 29 Ala. 388.

This is a case in point directly.—*Townsend v. Van Apen,* 38 Ala. 574 ; *McKeen & Wife v. Nelms,* 9 Ala. 507 ; *Singleton v. Finley,* 1 Porter 144 ; 1 Hawkin's Pleas of Crown, 508, § 46 ; *Pollock v. McGrath,* 25 Cal. 54 ; U. S. Annual Dig. 252, § 5 ; *Jarvis v. Hamilton,* 16 Wis. 574 ; U. S. Dig. 25, 253, § 13 ; *Cummins v. Scott,* 23 Cal. 226 ; U. S. Dig. 24, 295, § 22 ; *State v. Anders,* 8 Iredell, 15 ; *Phelps v. Baldwin,* 17 Conn. 209 ; *Mitchell v. Davis,* 20 Cal. 45 ; U. S. Dig. 23, 269, § 8 ; *Cummins v. Scott,* 20 Cal. 83 ; U. S. Dig. 23, 269, § 10.

The statute of forcible entry and detainer is in derogation of the common law, and to be strictly construed. The action can only be maintained by one actually, peaceably

28

and exclusively in possession.—*House v. Keiser*, 8 Cal. 499; U. S. Dig. 19, 328, § 6.

Entry and cutting timber is not a sufficient possession to maintain forcible entry and detainer.—*Bell v. Cowan*, 34 Miss. 257; 24 U. S. Dig. 295, § 11.

The force must be such as to create in the mind of the person opposing just apprehension of bodily harm or a breach of the peace, if they do not yield up possession or claim of possession.—Bishop's Crim. Law, vol. 2, § 269, 416.

The defendant in this case used no violence or threats to excite any just apprehension of a breach of the peace. The act must in all cases exceed a mere trespass.—Bishop's Crim. Law, vol. 2, § 416.

An entry, to be forcible, within the meaning of the statute, must be accompanied with some circumstances of actual violence or terror, and therefore an entry which hath no other force than such as is implied by law in every trespass whatsoever, is not within the statute.—Bishop's Crim. Law, vol. 2, § 418; 1 Gabbitt's Crim. Law, 324 to 326; *Rex v. Smyth*, 5 Car. & P. 201; 1 Moody & R. 155; *Commonwealth v. Shattuck et al.*, 4 Cushing, 141.

The charges of the court is contrary to the decision above cited in holding, that a mere constructive possession in law, and not an actual possession in fact, is sufficient to maintain this action of forcible entry or forcible detainer. Also, that the report of the speeches of Ladd was such violence as the Code contemplates. The court erred in permitting the deposition of John Doyle to go to the jury, because it does not appear that Doyle was absent from the State, and might not have been examined before the jury.

ALEX. McKINSTRY, AND BOYLES & OVERALL, *contra.*—Possession of a part of a tract of land claiming title is possession of the whole.—Tillinghast Adams on Eject. § 53.

Actual possession within three years is sufficient to maintain the action.—Code, § 3308; 1 Port. 144.

And this possession may be by self or tenant.—2 Stewart, 476; 1 P. 144.

It is not necessary that the possession of the plaintiff should be present at the time of the entry.—*Mattock v. Thompson*, 18 Ala. ; 2 Stew. 476 ; 1 P. 144.

The peaceable obtaining, and holding by forcibly detaining, is the offense of the forcible detainer.—4 Ala. 112 ; Statute in Code, § 3490, and 18 Ala.

B. F. SAFFOLD, J.—The action being one of forcible entry and detainer by the appellee against the appellant, the latter demurred to the second count of the complaint, that the defendant "entered on said lands peaceably, and by force of threats detains the same," because it did not state a sufficient ground for the proceedings.

The statute uses the words " by force or threats, turning or keeping the party out of possession." A forcible detainer is "where one who enters peaceably, afterwards detains his possession by force."—1 Russ on Crimes, 310 ; Bishop's Crim. Law, 477. Keeping a party out of possession, and detaining possession, by force, describe too nearly the same wrong to make the latter liable to a demurrer.

The action of the court in the charge given, and in its refusal of the one asked by the defendant, is objected to on the supposition that the jury was instructed not to regard actual occupation of the premises at the time of the entry of the defendant necessary to the support of the action. Our interpretation of the instructions is, that to constitute actual occupation, it was not necessary for the plaintiff himself to be on the land, or to be residing on it, at the time the defendant entered, but that habitual and continuous acts of ownership, showing a disposition to control it, which were open, notorious and demonstrative, his adverse intention would be sufficient.

We cannot say there was error in this charge, in view of the testimony concerning this land, that it was situated between two rivers and subject to overflow and not capable of habitation. Such lands would not admit of other occupation than that exercised by the plaintiff.

Threats of bodily harm to the former possessor, if he dare return, though no attempt be made to re-enter, con-

stitute a forcible detainer.—Bishop's Crim. Law, § 486. These threats need not be made directly to the other party. It would be sufficient in a proceeding to keep the peace that others had heard the threats; and the character of the party making them would be a legitimate subject of inquiry to show the probability of his carrying them into execution. In this case, the fact to be ascertained was that the plaintiff was put under a reasonable fear of harm. For this purpose the testimony was admissible.

The proof of the absence of the witness Doyle beyond the jurisdiction of the State, was sufficient to authorize the admission of his deposition used at a former trial. *Long v. Davis*, 18 Ala. 801; *Holman v. Bank of Norfolk*, 12 Ala. 408.

The judgment is affirmed.

NOTE BY REPORTER.—At a subsequent day of the term, appellant applied for a re-hearing. The application did not come into Reporter's hands. The following response was made by—

B. F. SAFFOLD.—The appellant's construction of the charge of the court, that actual possession was held not to be necessary to sustain the action, is not admissible. The charge contains such expressions as "if Dubroca attempted to stand upon his possession, (if the jury find that Dubroca was really in possession);" and "if Dubroca was in possession of a part of said land, claiming the whole," &c.

The re-hearing is denied.