# Knowles *v.* Ogletree.

*Action for Forcible Entry and Detainer.*

1. *Forcible entry and detainer; when demand is necessary before commencing action.*—Under the present statute (Code, § 3380) defining for-

96　555
115　91

96　555
125　192
125　193
125　195

96　555
144　543

[Knowles v. Ogletree.]

cible entry and detainer, if the disseizor enters by force or threats, no demand is necessary before commencing the action, but, if he take possession "by entering peaceably," then, in order to support the action, there must be a demand of possession, and unlawful refusal thereof, or force or threats used in "turning or keeping the party out of possession."

2. *Same; what constitutes demand for possession and refusal to comply with demand.*—It is not essential that the demand for possession should be in writing, or that it should be in express or positive terms. It may be inferred from the acts and declarations of the parties, as well as shown by direct testimony. And mere silence, or a failure to comply in the face of a demand, or that which is equivalent to a demand, may be a refusal.

3. *Same; question of title cannot be inquired into*—The question of title cannot be inquired into in an action for forcible entry and detainer under the present statute (Code, § 3380), and the "unlawful refusal" mentioned in the statute has no reference to that question.

4. *An abstract charge*, asserting a correct legal proposition. is not ground of reversal, unless this court is reasonably convinced that it must have misled the jury; but a charge cannot be considered abstract, when there is any evidence, however weak and inconclusive, tending to support the hypothesis on which it is based.

5. *Charge requiring explanation is properly refused.*—A charge technically correct, but which requires explanation in order that the jury may not be misled by it, is properly refused.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. J. M. CARMICHAEL.

This was an action for forcible entry and detainer, brought by M. D. Ogletree against John W. Knowles. There was judgment for the plaintiff, and the defendant appeals.

The evidence on the trial, as disclosed by the bill of exceptions, showed that the plaintiff and the defendant, and those under whom they respectively claimed, were for many years in possession of adjoining lots of land. In the year 1884 the dividing fence had rotted down, or nearly so, and a dispute arose between the plaintiff and the defendant as to the boundary line of the two lots. The county surveyor ran off and located the line between the two lots. The plaintiff objected to this location as incorrect. There was evidence tending to show that the plaintiff and the defendant then attempted to agree upon the division line; but that, the parties having failed to agree upon the location of the line, the defendant had a fence erected on the line as run by the county surveyor. About two and one-half years after the erection of this last mentioned fence, this suit was begun, the land in dispute being a strip which was enclosed by said fence as a part of the defendant's lot, and of which the plaintiff claimed that she was in possession before the building of said fence. The bill of exceptions recites: "The evidence was conflicting as to whether the old fence was

North or South of the fence erected by Knowles, and as to whether the land sued for was in the possession of the plaintiff or the defendant before the erection of said fence by Knowles. There was evidence tending to show that plaintiff was dissatisfied, both with the survey and the fence as built by Knowles; that she never ratified either, and that Knowles knew of her dissatisfaction, and refusal to ratify the survey or the building of the fence." Upon the introduction of all the evidence, the court, in its oral charge to the jury, instructed them as follows: "If the plaintiff had been in actual prior possession of the premises, and for within three years next before the commencement of this suit, and the defendant entered upon them, and the plaintiff signified to the defendant her desire that he should surrender to her the premises, and he declined to do so, this may be considered by the jury in determining whether he unlawfully refused to surrender the premises or not." The defendant excepted to this portion of the oral charge, and separately excepted to the court's refusal to give the following charges requested by him: (1) "That, if the jury believe all the evidence, they must find for the defendant." (2) "That before the plaintiff can recover in this action it is necessary that she should prove that after defendant acquired possession of the premises, and before the commencement of this suit, she made a demand or request, either written or verbal, that the defendant should surrender the possession of said land to her, and that defendant refused to make a surrender; and, if the plaintiff has failed to prove such demand and refusal, they must find for the defendant."

LYMAN W. MARTIN, for the appellant.

JOHN V. SMITH, and SAYRE & PEARSON, contra.

THORINGTON, J.—Forcible entry and detainer, as generally defined, is essentially an action given to protect the actual possession of real estate against unlawful and forcible invasion, to remove occasion for acts of violence in defending such possession, and to punish breaches of the peace committed in the entry upon or the detainer of real property. 8 Amer. & Eng. Encyc. of Law, p. 102. Neither the question of title nor of the right of entry or of possession is involved in the issue, the gist of the action being the entry and detainer by force and violence, and the ousting from a peaceable possession contrary to law.—*Horsefield v. Adams & Knapp*, 10 Ala. 9. As defined in this State, since the act of

February 13, 1879 (Acts 1878–9, p. 49), forcible entry and detainer also includes a peaceable entering upon lands, "and then by unlawful refusal, or by force and threats, turning or keeping the party out of possession."—Code 1886, § 3380. The unlawful refusal here mentioned, however, has no reference to the question of title. That can no more be inquired into in an action under the statute, since the amendment above cited, than before.—*Espalla v. Gottschalk*, 95 Ala. 254.

An *unlawful refusal* presupposes a *prior lawful demand*, but, in order to render such demand lawful, it is only necessary that a prior actual possession shall have been intruded upon by the person on whom such demand is made. It is not essential that the demand should be based upon ownership or title in order to make the refusal thereof unlawful within the meaning of the statute. The legal effect of the statute is, that, if the disseizor enters by force or threats, no demand is necessary before commencing the action; but if he takes possession "by entering peaceably," then, in order to support the action, there must be a demand of possession and unlawful refusal thereof, or force or threats used in "turning or keeping the party out of possession." In the absence of all force or threats either in entering or keeping possession, two facts must exist in order to support the action: First, there must have been a peaceable intrusion upon a prior actual possession; second, there must have been a demand of possession and an unlawful refusal thereof.

It is not essential the demand for possession should be in writing, or that it should be in express or positive terms; it is a question of fact to be determined by the justice (or by the jury on appeal) from all the evidence whether there has been a demand, or the equivalent thereof. It may be inferred from the acts and declarations of the parties as well as shown by direct testimony. So, also, as to the unlawful refusal to comply with the demand. Mere silence, or a failure to comply, in the face of a demand, or that which is equivalent to a demand, may be a refusal.

In the case at bar there was a conflict in the testimony as to the fact of plaintiff's prior possession, and there was no proof of any direct, positive demand of possession by plaintiff, and refusal thereof by defendant. The statement in the bill of exceptions of the proof on these two questions is rather obscure and unsatisfactory, but enough is shown to make it appear that there was some testimony touching these two facts, and it was for the jury to determine its evidential value. We can not say, therefore, that the portion

[Herring v. Kelly & Co.]

of the general charge to which the defendant excepted is abstract. "A charge can not be considered abstract when there is any evidence, however weak and inconclusive, tending to support the hypothesis on which it is based." *Schaumput's Admr. v. Udell*, 93 Ala. 302. Furthermore, an abstract charge asserting a correct legal proposition is no ground for reversal, unless this court is reasonably convinced it must have misled the jury. We see nothing to lead us to the conclusion that such was the effect of the charge in question, nor does it appear to be otherwise objectionable.

The special charge requested by appellant states a correct legal proposition in the abstract, but, when considered with reference to the testimony, its tendency would have been to mislead the jury. As we have said, there was no testimony showing a direct, unequivocal demand of possession by appellee and refusal thereof by appellant, before the suit was commenced, but there was some testimony before the jury from which they might have inferred such demand and refusal. Had the charge, as asked, been given by the court, without explanation, it would practically have excluded from the consideration of the jury all the testimony touching such demand and refusal. A charge technically correct, but which requires explanation in order that the jury may not be misled by it, is properly refused.—*Eastis v. Montgomery*, 93 Ala. 293.

The general charge asked by appellant was properly refused. There was a conflict in the testimony as to a material fact, viz., the matter of appellee's prior possession, and there was also testimony as to the demand of possession and refusal thereof, the tendencies of which authorized the jury to draw different inferences.—*Payne v. Mathis*, 92 Ala. 585.

The exceptions reserved by appellant to the several rulings of the Circuit Court were not well taken, and its judgment is accordingly affirmed.