# Lorah *v.* Emerson.

*Forcible Entry and Detainer.*

(Decided Dec. 19, 1907.  45 South. 228.)

1. *Forcible Entry and Detainer; Possession to Maintain.*—Sufficient possession to entitle one to maintain forcible entry and detainer is shown where the premises was used as a shop by plaintiff up to a year before commencing the action, and since that time it had been kept locked and certain articles belonging to plaintiff had been stored therein, and the premises entered and the articles inspected occasionally by plaintiff.

2. *Same; Statutory Provisions; Elements.*—Where one enters premises held by another and takes peaceable possession thereof and refuses on demand to deliver possession to the one entitled thereto, such one is guilty under section 2126 of the Code of 1896, of forcible entry and detainer.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Rowena Lorah against Calvin Emmerson. From a judgment for defendant plaintiff appeals. Reversed and remanded.

The plaintiff, on the trial, introduced evidence tending to show the facts as stated in the opinion of the court. The defendant introduced no evidence, and moved the court to rule out all the evidence introduced by the plaintff, because it failed to make a prima facie case; that no possession had been shown at the time of the

10 R

entry, and no forcible entry had been shown. The court granted this motion and directed a verdict for the defendant.

DAVID H. EDDINGTON, for appellant. Under the facts in this case, the defendant was guilty of forcible entry and detainer as set out in section 2126, Code 1896, and the court erred in ruling out plaintiff's evidence, and in giving the general charge for the defendant.—*Ladd v. Dubroca,* 45 Ala. 421; *Moog v. Mallon,* 121 Ala. 306.

McALPINE & ROBINSON, for appellee. The action of the court in ruling out the evidence, and in giving the affirmative charge for the defendant, was correct as no force or threats were used or shown in assuming possession of the property.—*Mallon v. Moog,* 121 Ala. 303; *Espalla v. Gotschalk,* 95 Ala. 254; *Weldon v. Schlosser,* 74 Ala. 355; *Butts v. Armstrong,* 8 Port. 57. Constructive possession is not sufficient, but plaintiff must be in actual possession at the time of the entry.—*Knowles v. Ogletree,* 96 Ala. 555; *Farley v. Bay Shell Road,* 125 Ala. 184; *O'Donahue v. Holmes,* 107 Ala. 489; *Brady v. Huff,* 75 Ala. 80; *Clements v. Hayes,* 76 Ala. 280; *Ladd v. Dubroca,* 45 Ala. 421; *Brown v. French,* 42 South. 410.

SIMPSON, J.—This action was brought by the appellant against the appellee for forcible entry and detainer. The evidence offered by the plaintiff showed that plaintiff built the house and had been in possession of the property in question, being in actual occupancy of it as a "shop," until about a year before the commencement of this suit, at which time she rented it out for a while, and when the last tenant left she locked the back door, still retaining the key, and fastened the front door by nailing a board across it. The side door was both locked and nailed; and the windows, as well as the doors, were

barred, "so no one could enter without smashing something." Plaintiff left some of her property in the house, and visited it occasionally (every month or two) to see that it was secure. The defendant was found in possession of the premises on May 14, 1907, and plaintiff went and "asked him out," or, according to another witness, she ordered him to take his effects and get out. No one seems to have known how the defendant got into possession of the premises.

These facts were sufficient to warrant the jury in finding that the plaintiff was in possession of the house.— *Davidson v. Phillips,* 9 Merg. (Tenn.) 93, 30 Am. Dec. 393, and note: 19 Cyc. 1130, 1133; *Ladd v. Dubroca,* 45 Ala. 421; *House v. Camp,* 32 Ala. 542, 547, 550; *Clements v. Hays,* 76 Ala. 281 (4th headnote), 284. The law did not require plaintiff to remain in person in the house and stand guard over it.—*Mallon v. Moog,* 121 Ala. 307, 25 South. 583. The act of 1879, as embodied in the last clause of section 2126 of the Code of 1896, gives the additional definition of forcible entry and detainer as "entering peaceably, and then, by unlawful refusal, or by force or threats, turning or keeping the party out of possession." It matters not, then, how the defendant went into possession. If he refused to deliver possession when demanded, he was guilty, and a failure to give possession on demand is the equivalent of a refusal.— *Knowles v. Ogletree,* 96 Ala. 555, 558, 12 South. 397. It results that the court erred in excluding the evidence, and also in giving the general charge in favor of the defendant, and in refusing to give the general charge in favor of the plaintiff.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.