## Harris *v.* Harris, *et al.*

*Forcible Entry and Detainer.*

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 465.)

1. *Forcible Entry and Detainer; Definition.*—Although originally a public offense in England, in the United States forcible entry and detainer is a tort to be redressed by a civil action, summary in its forms and machinery, by which plaintiff seeks to gain possession of realty which has been tortiously taken, or is tortiuosly withheld, being purely possessory in character, and not maintainable unless plaintiff has had prior possession, the title not being properly in issue.

2. *Same; Entry; Demand.*—Where there was no contractual relations between the parties, and defendant entered by force or threat, no demand for possession was necessary to entitle plaintiff to sue under section 4262, Code 1907.

3. *Same; Jury Question.*—Under the evidence in this case it was for the jury to determine whether defendant entered by threats of violence or by words or actions having a tendency to excite fear or apprehension of danger.

4. *Same; Title; Lease.*—Where the action was for forcible entry and detainer against a mere trespasser, the lease of the plaintiffs, under which they were entitled to possession, was irrelevant under section 4271, Code 1907.

5. *Landlord and Tenant; Lease; Description.*—Where a lessor had occupied a certain 77 acres of land in Macon county for several years and had no other land than that so occupied, a lease by him of "his place" to plaintiffs was not void for uncertainty of description.

6. *Appeal and Error; General Objections; Amendment.*—Where a defendant interposed an objection to an amendment to the complaint in the words "defendant objected" this was insufficient to present any question for review.

7. *Forcible Entry and Detainer; Amendment of Pleading.*—Where plaintiffs claim under a lease from the owner, and as to the plaintiff the defendant was a mere trespasser or intruder, he could not com-

plain of the court's refusal to permit him to show that one of the plaintiffs had made another or different contract with the landowner.

8. *Same.*—Where the lease under which plaintiff claimed was irrelevant as against a trespassing defendant, an instruction that for the plaintiff to recover the jury must be reasonably satisfied that the land was leased by plaintiffs under the alleged written agreement from the owner, placed on plaintiffs a burden that they were not legally required to bear, but of which defendant could not complain.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Forcible entry and detainer by Lewis Harris and others, against Charles Harris. Judgment for plaintiff and defendant appeals. Affirmed.

O. S. LEWIS, for appellant.

H. P. MERRITT, for appellee.

GARDNER, J.—This is an action of forcible entry and detainer, by appellees against appellant. The complaint contained one count, which was substantially in code form, for the above cause of action. The proof shows without conflict that the appellees were in the actual, peaceable possession of the 77 acres of land sued for, at the time the appellant went into possession, and had been in such possession for some few years prior thereto. The appellees were tenants of one Hezekiah Harris, the owner of the land. Appellant is the son of said Hezekiah, and he seems to have asserted his right of entry into possession upon a rental or lease from his father, the owner. Appellant and appellees had entered into no agreement whatever, as to the land, and were therefore strangers as to this land, so far as any contractual relations were concerned. The testimony of appellant shows that after he rented the land, occupied by appellees, from his father, he proceeded to haul lumber onto it, and built a house and cultivated

the land, and has since continued in possession; and that appellees were in possession at the time he so acquired the land, and that appellees have had no possession thereof since. He insists that he made no threats, and did not know appellees had a lease on the land; that they offered no objection; and that he "thought everything was all right." To quote the witness: "I went on that land and took it, when they had used it for nine years, and they never said nothing about it, never opened their mouths, old man Lewis or Frank."

The parties to the suit were closely related. The owner of the land, Hezekiah Harris, was the father of Charlie Harris, the appellant, the bother of appellee, Lewis Harris, and the uncle of Frank Harris. Hezekiah Harris, the owner, was not a party to this suit. There was no proof of demand made for possession before the suit was brought. The testimony for the appellees tends to show that appellant made use of certain threats in taking possession of the land, and that objection was made to his entry.

We take the following excerpts from the testimony of witness Lewis Harris: "Charles Harris,   *   *   * he went on the land and began hauling lumber in December, some time, year before last. I had a conversation with him about it. I spoke to him about it. I told him he had no right to disturb us because we had leased it for eight years, and it was right we should carry it out. He said he was going to cultivate it, or spill blood."

To the question, "Did he have any weapon at that time?" the witness answered: "Well, in hauling the lumber I have seen him pass by my gate with a gun laying across his wagon. That was the time he made that declaration to me. He was hauling lumber on the land.

\* \* \* He had a weapon on his wagon when he was hauling lumber. He carried it along before Christmas, a double-barrel shotgun. After I told him I had it leased, and (you) did not want to be disturbed, he said he was going to have it if he had to spill blood; that was some time between November, year before last, and January, last year. Some time in January he got the land, took it from me, went into possession of it, kept it, has it now, had it when Frank and I brought this suit."

(1) "Forcible entry and detainer was a public offense in England, made so by statute.—4 Bla. Com., 148; 1 Russ. on Cr. 421. In this, as in many other states of the Union, it is a tort, to be redressed by a civil action, which the statute gives. It is an action summary in its forms and machinery, to regain possession of realty, which has been tortiously taken, or is tortiously withheld. It is purely possessory, and cannot be maintained unless the plaintiff has had prior possession. Title cannot be inquired into."—*Walden v. Schlosser*, 7 Ala. 355.

Speaking by way of definition of the same subject, it was said in *Knowles v. Ogletree*, 96 Ala. 555, 12 South. 397: "'Forcible entry and detainer,' as generally defined, is essentially an action given to protect the actual possession of real estate against unlawful and forcible invasion, to remove occasion for acts of violence in defending such possession, and to punish breaches of the peace committed in the entry upon or the detainer of real property. \* \* \* Neither the question of title nor of the right of entry or of possession is involved in the issue, the gist of the action being the entry and detainer by force and violence, and the ousting from a peaceable possession contrary to law. \* \* \* The legal effect of the statute is that, if the

disseisor enters by force or threats, no demand is necessary before commencing the action; but if he takes possession 'by entering peaceably,' then, in order to support the action, there must be a demand of possession and unlawful refusal thereof, or force or threats used in 'turning or keeping the party out of possession.' "

The above authority cites the case of *Horsefiled v. Adams,* 10 Ala. 9, from which we take the following extracts having reference to the statute of forcible entry and detainer: "It is evident the chief object of the statute is to maintain the party having the actual possession, against the entry of one whose right of possession, or of re-entry has not been conceded by him. \* \* \* The possession at the time of intrusion is the only matter which is permitted to be the subject of investigation. All questions as to the ultimate title or as to the right of possession, as distinguished from the actual possession, are excluded from the jury."

See, also: "Generally speaking, forcible entry and detainer is a remedy for the protection of the actual possession of realty, whether rightful or wrongful, against forcible invasion, its object being to prevent disturbances of the public peace, and to forbid any person righting himself by his own hand and by violence; and therefore ordinarily the only matters involved are the possession of plaintiff and the use of force by defendant."—19 Cyc. 1124.

(2) Our statute (Code 1907, § 4262) in defining forcible entry and detainer, and specifying what force may be considered sufficient, says, among other things: "By threats of violence to the party in possession, or by such words or actions as have a tendency to excite fear or apprehension of danger."

As appears from the quotation from *Knowles v. Ogletree, supra,* where the entry is by force or threats, no demand for possession is necessary before commencing the action. In the instant case there was no contractual relation between these parties, no existing relation of landlord and tenant. The suit is brought under the provisions of section 4262 of the Code of 1907, the following section (4263), relating to unlawful detainer, having no relation of course to the case. From this record it appears, in the light of the foregoing authorities, that there were but two questions for the determination of the jury. The first was whether the plaintiffs in the suit had actual, peaceable possession at the time of the entry of the defendant; and, second, whether or not the defendant had entered by force, that is —in this case—as "by threats of violence to the party in possession, or by such words or actions as have a tendency to excite fear or apprehension of danger.

(3) The first, the actual, peaceable possession of the plaintiffs, was admitted by the defendant on the trial. That was at least without dispute. The testimony of one of the plaintiffs, from which we have above taken some quotations, was clearly sufficient for submission to the jury of the second question—that of force, by threats, etc., made by defendant upon effecting the entry.—*Mallon v. Moog,* 121 Ala. 303, 25 South. 583; *Ladd v. Dubroca,* 45 Ala. 421; *Farley v. Bay Shell Road Co.,* 125 Ala. 184, 27 South. 770.

(4) In a case of this character the merits of the title cannot be inquired into.—Code 1907, § 4271. The plaintiffs offered in evidence a lease from the said Hezekiah Harris. The defendant objected to its introduction upon the ground that its execution had not been proven, but upon no other ground. There was due proof of its execution by attesting witness Borum, and its execution

was admitted by the lessor when called as a witness
for defendant. This objection, besides, is not argued in
brief of counsel. Under the facts as disclosed by this
record, the lease was irrelevant and immaterial. But
there was no objection to its introduction on this
ground, and indeed its irrelevancy is not argued by
counsel in brief. The only objection to its introduction
was not well taken, and in this situation the trial court
cannot be held in error for its ruling.

(5) After the plaintiffs rested their case, defendant,
it seems, moved the court to exclude the lease upon the
ground that it is void for uncertainty in description
of the place leased, and upon this ground only. This in-
sistence is urged here.

The instrument shows that the lessor leased "his
place" to the lessees.

"Generality and indefiniteness of description will
not avoid a conveyance. It is uncertainty that will not
be removed when the conveyance is read in the light
of the circumstances surrounding the parties at the time
it was entered into, and their manifest design is con-
sidered."—*Ellis v. Martin,* 60 Ala. 394.

There was evidence tending to show, not only that
the lessees were then, and had been for some years, oc-
cupying this 77 acres of land as tenants of the lessor,
but that this 77 acres of land in Macon county was all
the land owned by the lessor. We do not think it can
be said that the instrument was void on its face for
uncertainty of description.—*Chambers v. Ringstaff,* 69
Ala. 140; *Ellis v. Martin, supra; Boykin v. Bank,* 72
Ala. 271, 47 Am. Rep. 408. Reversible error cannot
therefore be predicated upon the ruling of the court
overruling the motion.

(6) During the progress of the trial, the court per-
mitted an amendment of the complaint by adding a

40—190

count claiming reasonable rental value of the land sued for, during the pendency of the appeal to the circuit court. The bill of exceptions recites that the "defendant objected."

In *Farley v. Bay Shell Road Co.*, 125 Ala. 184, 27 South. 770, it is said: "To put the court in error in allowing an amendment, the amendment offered must not only be an improper one, but there must be made the specific objection which renders it improper at the time. A mere general objection will not be sufficient."

The objection here was general, and the above authority is directly in point. However, it might be added that a judgment for rent in such cases is not dependent upon the complaint.—Code 1907, § 4282; *Helton v. Ft. Gaines Oil Co.*, 39 South. 925.

A continuance was insisted upon, in the court below on account of this amendment.

(7) It requires no argument to show that there was no error in the court's refusing to continue the case on this account. We think the authorities from which we have herein quoted demonstrate that, so far as disclosed by the record, any lease, either to the plaintiffs or to the defendant, was irrelevant and immaterial. The defendant, so far as any contractual relation was concerned, was a stranger to the plaintiffs, a mere trespasser, an intruder, and he cannot complain at the refusal of the court to permit him to show that one of the plaintiffs had made another or different contract with the owner. That was a matter with which he was not concerned.

(8) The defendant reserved an exception to that portion of the oral charge of the court, wherein the court charged that, for the plaintiffs to recover, the jury must be reasonably satisfied that the land in question was leased by the plaintiffs under the written agreement

from Hezekiah Harris. We have shown that this lease was irrelevant, and therefore no burden rested upon the plaintiffs to show such lease. The portion of the charge referred to placed upon the plaintiffs a burden not required by the law. This was a matter of which the plaintiffs alone could complain. Clearly, the defendant could not.

What we have here said we think sufficiently shows that there was no reversible error committed by the trial court, as disclosed by any assignment of error treated by counsel for appellant in brief, and we deem it unnecessary to discuss each insistence separately, made by counsel.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.