12 So.2d 349
**BOUTWELL et ux. v. COUNTY BOARD OF EDUCATION OF ESCAMBIA COUNTY.**
3 Div. 383.

Supreme Court of Alabama.
Jan. 21, 1943.

Rehearing Granted Feb. 25, 1943.

H. C. Rankin, of Brewton, for appellants.

78

McMillan, Caffey & McMillan, of Brewton, for appellee.

PER CURIAM.

The County Board of Education of Escambia County brought its suit of unlawful detainer (count 1 of the complaint) against Carney Boutwell and his wife for the recovery of a small tract of land upon which was located a school house. On appeal by plaintiff to the circuit court from the adverse ruling by the justice of the peace (Code 1940, Title 13, § 389; Title 7, § 984), there was jury and verdict for plaintiff, and defendants appeal.

■ Plaintiff offered proof tending to show prior actual possession. Such was the evidence of Weaver, the County Superintendent of Education and executive officer of the Board of Education, that said board was in possession of the property during school term and after the close of school; that during the summer vacation, and at the solicitation of Henry Lambert (through whom these defendants went into possession), the keys to the school building were turned over to him in order that he might deliver them to a minister who the superintendent agreed might hold services in the building during the summer months while residing therein; that when the minister concluded the services in September these defendants moved in without Weaver's authority, but only under the authority of Lambert, and refused to surrender possession upon demand. If Lambert obtained possession as thus indicated from Weaver, acting for the board, such action did not divest the board's possession, and Lambert and these defendants claiming under him would be estopped to so deny such possession. Washington v. Spriggs, 213 Ala. 622, 105 So. 811. While much of this evidence was admitted by Lambert, yet a part of his testimony, somewhat self-contradictory, tended to show his possession was in his own right. The trial court considered the evidence sufficiently conflicting upon the matter of prior possession for the jury's consideration, and gave definite instruction upon the issue of prior possession.

■ The only question of importance here for consideration relates to the ruling of the court denying to defendants the introduction of the deed to the County Board of Education executed by said Lambert, which contained a reverter of title to the grantor should the property "cease to be used for public school purposes, and such use shall have ceased for twelve months or more." The effort of defendants was to show a cessation of use and a reverter as provided in the deed, and that Lambert had conveyed the property by deed to his daughter, Mrs. Boutwell. We are of the opinion the court correctly concluded that this was but an inquiry into the title, which is expressly inhibited by the statute, Title 7, § 975, Code of 1940. The right to inquire into the title was expressly given defendants by Title 7, § 987, Code of 1940, but they saw fit not to avail themselves of it.

Deeds are sometimes admitted in evidence in cases of this character, as for instance for the purpose of showing the extent of possession. There was no such purpose here. It was solely an effort to show a reverter of title and a claim of Mrs. Boutwell, who had a deed from her father, that she held under a proper title.

In Dent v. Stovall, 200 Ala. 193, 75 So. 941, 942, is the following: " 'The possession at the time of intrusion is the only matter which is permitted to be the subject·of investigation. All questions as to the ultimate title or as to the right of pos-

session, as distinguished from the actual possession, are excluded from the jury.' Horsefield v. Adams, 10 Ala. 9; Knowles v. Ogletree, 96 Ala. 555, 12 So. 397."

The case of Harris v. Harris et al., 190 Ala. 619, 67 So. 465, is to like effect, and contains citation of our authorities. See, also Farley v. Bay Shell Road Co., 125 Ala. 184, 27 So. 770; Sherrill v. Garth, 230 Ala. 397, 161 So. 482; 26 Corpus Juris 858, 859; 22 Am.Jur. 909.

The trial court correctly ruled, and the judgment should be affirmed.

Upon original consideration of the cause the legal principles above stated were fully recognized, but by inadvertence were misapplied to the situation as here presented, resulting in an erroneous order.

The former opinion is withdrawn, the application for rehearing is granted, the order of reversal set aside, and the judgment is affirmed.

Application for rehearing granted.

Judgment affirmed.

GARDNER, C. J. and THOMAS, BROWN, and LIVINGSTON, JJ., concur.