## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### JONES v. TEMPLE.

December 11th, 1890.

TENANCY AT WILL—*Ejectment—Notice.*—Purchaser of land by parol holding possession is a tenant at will, and cannot be ejected by a grantee of the vendor without a previous demand of possession and a refusal to surrender, or other wrongful act by him.

Error to judgment of circuit court of Brunswick county, rendered October 16th, 1889, in an action of ejectment wherein the defendant in error, Wm. H. Temple, Jr., was plaintiff, and James W. Jones, the plaintiff in error, was defendant. Opinion states the case.

*F. E. & E. P. Buford,* for the plaintiff in error.

*R. Turnbull,* for the defendant in error.

LACY, J., delivered the opinion of the court.

In March, 1889, the defendant in error filed his declaration in ejectment against the plaintiff in error, for the recovery of the possession of a certain tract of land in Brunswick county. At the term of the court following the defendant pleaded not guilty; at the trial of the case, after the plaintiff had introduced a deed to the said tract of land, executed to him by one Robert H. Jones on the 10th day of October, 1888, duly recorded, the defendant offered to prove "that about eighteen years ago he entered into a certain parol agreement with the

said Robert H. Jones, wherein the said Robert H. Jones contracted to sell the said tract of land to the defendant for the sum of $55, and thereupon put the defendant into possession of the said land, and that the defendant has continued to hold possession, undisturbed, of this land until the institution of this suit, and has never received any notice to surrender the possession of the said land previous to the institution of this suit."

All of this evidence the court excluded from the jury, upon the ground that the same was inadmissible unless the defendant introduced a contract in writing between him and the said Robert H. Jones; when the defendant excepted, and, judgment going for the plaintiff, the said defendant applied for and obtained a writ of error to this court.

The said ruling of the said circuit court of Brunswick was plainly erroneous   The defendant having come into possession lawfully, with the consent of the owner of the land, under a parol contract for the purchase of the land in question, he had a right to be there until his possession should become unlawful.   And, as to this question, it was immaterial whether the contract was in writing or by parol.   As this question does not arise under sections 2741, 2742, and 2743 of the Code of Virginia, which provides for the equitable defence at law which entitle the defendant to a deed in court of equity, provided the defendant has given the notice required by section 2743 of the Code, *supra.*

This question does not arise under the statute cited above, and the same does not affect it.   But in England, at the common law, a person entering under a contract for the purchase of an estate (with which he has not complied), with the consent of the vendor, was deemed a tenant at will.   Tenant at will is when lands or tenements are let by one man to another, to have and to hold to him at the will of the lessor, by force of which lease the lessee is in possession.   In this case the lessee is called a tenant at will, because he hath no certain nor

sure estate; for the lessor may put him out at what time it pleaseth him. And estates at will may arise by implication as well as by express words. Thus, if a tenant for years holds over his term, and continues to pay rent as before, such payment and acceptance of rent will amount to a lease at will. And, upon similar principles, a person entering under a contract of purchase, which he has not complied with, would be a tenant at will, for the possession of the tenant is by virtue of an entry by the consent of the vendor; it is not adverse, but, as the only other alternative, it is a tenancy at the will of the vendor. A person occupying land when no terms are prescribed, and without any reservation of payment of rent, is a tenant at will.

Lord Coke says every lease at will must, in law, be at the will of both parties; therefore, when a lease is made to have and to hold at the will of the lessor, the law implies it to be at the will of the lessee also. So it is when the lease is made to have and to hold at the will of the lessee; this must be also at the will of the lessor. And where an estate at will is determined by the lessor, the tenant is entitled to the corn sown and other emblements.

With respect to the acts which amount to a determination of an estate at will on either side, the first and *most obvious mode* of determining it by the lessor is an express declaration that the lessee shall hold no longer, which must either be made on the land or else notice of it given to the lessee. The tenant at will being entitled to notice of the determination of the lessor to end the lease, is entitled to a reasonable notice of the determination of the lessor's will before he is obliged to quit. What is reasonable notice of such determination is a question of law, to be determined by the particular circumstances of each case. The time must be sufficient to enable the lessee to take the emblements, and to remove his family, his furniture, and other property.

In the case of *Right* v. *Beard*, decided in the court of King's

bench in 1810, 13 East, 219, it was held that "one who is put into possession, upon an agreement to purchase the land, cannot be ousted by ejectment before his lawful possession is determined by demand of possession or otherwise. *Birch* v. *Wright*, 1 Term Rep., p. 383, opinion of Buller, J.

To the same effect is *Goodtitle* v. *Herbert*, 4 Term Rep., 680, opinion of Lord Kenyon, Ch. J., where it was held, upon a parol agreement to lease land for four years, that such only creates a tenancy at will, and if that tenancy be not determined before the day of the demise laid in the declaration, that the plaintiff could not recover in ejectment. *Deane* v. *Rawlins*, 10 East, 201; *Doe* v. *Jackson*, 1 Barn. & Cress., 448; 1 Inst., 57; Lit., s. 68; Lom. Dig., I., 192.

This rule of the English common law is the law of this State. See the case of *Williamson* v. *Paxton*, 18 Gratt., 475, 505, where it is stated, but in a case where it did not arise.

In *Twyman* v. *Hawley*, 24 Gratt., 512, however, the question came squarely up for decision, when Staples, J., is reported as saying: "This record presents but a single question for adjudication, and that is, whether a person placed in possession of land under an agreement for a purchase, but who is in default in the payment of the purchase-money, is liable to be turned out of possession by ejectment without previous demand or notice by the vendor."

In which case it was said that this doctrine we have set forth above had long been established, and that then it had been uniformly held that the vendor, having placed the vendee in possession, he cannot, without a demand of the possession and a refusal by the vendee, or some wrongful act by him to determine such possession, treat the vendee as a wrong-doer and a trespasser, as he must assume him to be in instituting an action of ejectment. Citing *Right, &c.,* v. *Beard, supra,* and other cases. Asserting that the doctrine had received the sanction of this court, and was sound and just, and should be adhered to by our courts.

Opinion.

.This rule is maintained in other States of this country. *Carson* v. *Baker*, 3 Devenny, 220 (N. C.) In some of the States it is otherwise. See A. & Eng. Encyclo. of L., I., 240, where the whole subject is elaborately reviewed, and the decisions of the States collated upon this subject.

The circuit court of Brunswick having decided in this case contrary to this well established rule and to the decisions of this court upon this subject, the same is erroneous and must be reversed and annulled, and the case remanded to the said court for a new trial to be had therein in accordance with this opinion.

JUDGMENT REVERSED.