# Victor Realty Co. *et al. v.* Argumanian, *et al.*

## *Forcible Entry and Detainer.*

(Decided May 30, 1911.  55 South. 621.)

1. *Forcible Entry and Detainer; Elements.*—Under section 4262, Code 1907, there can be no recovery against one who goes into possession under and by virtue of a contract with his landlord, then in possession as tenant of the plaintiff, because the defendant has not intruded, peaceably, or otherwise upon any prior actual possession.

2. *Same; Elements of Forcible Detainer.*—Where a party goes into possession under and by virtue of the contract with a tenant of the owner, and, after the removal of the tenant, remains in possession without any agreement with the owner, the owner's remedy, if any, is an unlawful detainer under the definition of forcible entry and detainer contained in section 4262, Code 1907.

3. *Same; Unlawful Detainer; Demand of Possession.*—Where a subtenant goes into possession under a contract with a tenant of the owner, he cannot be ejected by forcible detainer for keeping out of possession until he has been given the ten days demanded for possession required by section 4262, Code 1907.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Forcible entry and detainer by the Victor Realty Company against Charles Argumanian and others. Judgment for defendants and plaintiffs appeal. Affirmed.

ALLEN & BELL, and W. T. HILL, for appellant. Counsel discuss the assignments of error relative to the admission and exclusion of evidence but without citation of authority. The plaintiff was entitled to a judgment under the facts.—*Knowles v. Ogletree*, 96 Ala. The court should have granted the motion for a new trial. —Enc. P. & P., 722.

C. B. POWELL, for appellee. Being a tenant appellee was entitled to a ten day's demand.—Sec. 4263, Code

[Victor Realty Co. et al. v. Argumanian, et al.]

1907. Being a tenant and having entered peaceably, and there being no notice of the termination of the tenancy, he did not unlawfully refuse to deliver possession, and therefore, was not guilty of forcible entry under section 4262, Code 1907, and hence, it is immaterial, whether he paid his rent or not. Under the facts, nothing short of two notices could make the refusal of appellee an unlawful refusal.—*McDermit v. Lambert,* 80 Ala. 536; *Barnwell v. Stevens,* 142 Ala. 609. An unlawful refusal presupposes prior lawful demand.—*Farley v. Bay Shell Road Co.,* 125 Ala. 187. Counsel discuss assignments of error as to evidence, but without citation of authority.

SAYRE, J.—The complaint filed by appellant with the inferior court of Birmingham, exercising the jurisdiction of justices of the peace, followed exactly the Code form for complaints in unlawful detainer. After the case had been removed into the city court of Birmingham by statutory certiorari, the complaint was amended by the addition of counts 2 and 3. These were counts in forcible entry and detainer. No point was reserved against the propriety of the amendment by specific objection taken at the time. Afterwards demurrer to count 2 was sustained. Count 3 was based upon the last clause of section 4262 of the Code, which declares a species of forcibly entry and detainer where one enters peaceably, and then, by unlawful refusal, or by force or threats, turns or keeps the plaintiff out of possession. There was, however, no allegation of force or threats. The allegation was that the defendant entered peaceably, and then, by unlawful refusal, turned or kept plaintiff out of possession. It was shown without any sort of conflict that the defendant had entered as a subtenant of a part of the premises under a contract with

[Victor Realty Co. et al. v. Argumanian, et al.]

plaintiff's tenant in chief, who occupied the premises under a contract of rental· renewed by holding over from month to month. Afterwards plaintiff's tenant in chief moved out, leaving defendant in possession of the upper floor of the building, without any agreement between him and plaintiff. There are probably other sufficient reasons for an affirmance of the judgment of the city court in favor of the defendant. We base our judgment upon these considerations:

Plaintiff could not recover on the forcible entry count, because the defendant had not intruded, peaceably or otherwise, upon any prior actual possession. He had gone into possession under and by virtue of a contract with his landlord, then in possession as plaintiff's tenant in chief. Plaintiff's remedy in the case here shown, if any he had at the time, was by an unlawful detainer.—*Self v. Comer*, 166 Ala. 68, 52 South. 336; *Farley v. Bay Shell Road Co.*, 125 Ala. 184, 27 South. 770; *Knowles v. Ogletree*, 96 Ala. 555, 12 South. 397. Plaintiff could not recover on the unlawful detainer count for lack of the 10 days' demand in writing which has been required since the act of December 7, 1900 (Acts 1900-01, p. 40; Code, § 4263).

The facts determinative of this case were proved without conflict. Assignments of error looking to particular interlocutory rulings need not be considered.

Affirmed.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur.