(89 South. 599)
**RUTLEDGE v. WHITE.** (7 Div. 216.)

(Supreme Court of Alabama. June 30, 1921.)

**1. Landlord and tenant ⟨⟩118(2)—Indefinite term creates "tenancy at will."**

A permissive occupation for an indefinite period, without reservation of rent, is by implication a tenancy at will.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tenant at Will.]

**2. Landlord and tenant ⟨⟩120(2)—Tenancy of "about a month" not subject to statute as to notice to quit.**

If a lease for "about a month" be treated as for an indefinite period creating a tenancy at will, it was such by implication, subject to the common-law rule requiring reasonable notice to terminate, and not within Code 1907, § 4732, requiring 10 days' notice to terminate an express tenancy at will; but, being in fact definite, meaning approximately a calendar month, a holding over created a tenancy at sufferance requiring no notice for termination, so that in either event it was error to exclude lessor's demand for possession preliminary to suit for detainer.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, About.]

**3. Time ⟨⟩5—Phrase "about a month" means approximately 30 days.**

Where tenant was to occupy for "about a month," that period should approximate a calendar month of 30 days.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Unlawful detainer by J. A. White against B. H. Rutledge. From judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

McCord & Son, of Gadsden, for appellant.

Verbal notice was sufficient to terminate the tenancy, 190 Ala. 589, 67 South. 284; 96 Ala. 555, 12 South. 397. The court erred in not admitting the written notice. Section 4263, Code 1907.

J. M. Miller, of Gadsden, for appellee.

No brief reached the Reporter.

SOMERVILLE, J. The action is for an unlawful detainer of plaintiff's premises. The plaintiff was the only witness who testified in the case, and there is no dispute as to the facts.

Plaintiff authorized defendant, as a mere gratuity, to enter upon and occupy plaintiff's premises for "about a month." Under this permission defendant entered upon the premises about the last of December, and near the last of January plaintiff told defendant that plaintiff's own family would want to move into the house on the 1st of the month (February); whereupon defendant said he would be out "in about a month" from the time he went in, as he agreed to be. Defendant failed to move out, and at some time prior to February 12 following he declined to get out.

On the theory that this permissive possession of the defendant amounted to a tenancy at will, which could not be terminated except upon 10 days' notice in writing (Code. § 4732), and no such notice having been given by plaintiff to defendant, the trial judge excluded from the evidence the statutory demand for possession. made more than 10 days before the filing of the action, and gave for defendant the general affirmative charge.

[1, 2] It is of course true that a permissive occupation for an indefinite period, without reservation of rent, is by implication a tenancy at will. Harris v. Frink, 49 N. Y. 24, 10 Am. Rep. 318, 325; 16 R. C. L. 611, § 91. It is to be noted, however, that the statute (Code, § 4732) applies only to tenancies which are expressly tenancies at will. Tenants at will, who are such by implication only, are still governed by the common law, and are entitled to no more than reasonable notice to quit. 16 R. C. L. 612, § 92. Conceding for the moment that defendant was a tenant at will by implication, and that he was therefore entitled to reasonable notice to quit, it was at least a question for the jury whether plaintiff gave him a reasonable notice in that behalf.

[3] But it cannot be held, from the under-

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

standing between these parties, that defendant had permission to occupy for an indefinite period. On the contrary, he was to occupy for "about a month"; and, although a period thus defined cannot be precisely fixed by an exact number of days, it was clearly the intention of the parties that it should approximate a calendar month of 30 days, and should not substantially exceed that number of days. We think that as a matter of law defendant's permissive occupation was by its terms ended prior to February 12, 1921, the day on which plaintiff made of him the statutory demand for possession. And, if it be conceded that thereafter defendant was a tenant at sufferance of plaintiff, yet it is settled law that such a tenant is not entitled to any notice to quit in order to terminate his tenancy. Bush v. Fuller, 173 Ala. 511, 55 South. 1000.

We therefore hold, upon the foregoing considerations, that the trial court erred in excluding proof of plaintiff's demand for possession of the premises, which was a necessary preliminary to his maintenance of the suit.

For this error the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.