## JEFFERSON COUNTY v. PARKER.
### (6 Div. 991.)

(Supreme Court of Alabama. May 15, 1924.)

**1. Forcible entry and detainer ⬳4—Intrusion by defendant on plaintiff's prior possession essential to recovery.**

In action of forcible entry and detainer, plaintiff cannot recover unless he shows intrusion by defendant on his prior possession either forcibly or by threats, or peaceably without plaintiff's permission or consent, in view of Code 1907, § 4262.

**2. Forcible entry and detainer ⬳4—Entry by consent or under contract not forcible.**

Under Code 1907, § 4262, an entry by consent or contractual agreement is not forcible entry, actual or constructive, and does not give rise to forcible entry and detainer.

**3. Landlord and tenant ⬳118(1)—Nature of tenancy of warden occupying house in a convict camp stated.**

Defendant occupying, as warden, house in a county convict camp, *held* tenant at will by implication, such tenancy being presumptively terminated ipso facto by termination of employment, whereupon it would become tenancy by sufferance; nor can such occupation be deemed that of servant merely, leaving possession in master.

**4. Forcible entry and detainer ⬳4—County not entitled to recover against former warden, allowed to occupy house on convict camp.**

County allowing warden to occupy house in a convict camp *held* not entitled to recover as for forcible entry and unlawful detainer.

**5. Appeal and error ⬳171(3) — Case considered on appeal, as it was tried.**

Where action for forcible entry and detainer has been tried and treated throughout as though it contained a count for unlawful detainer, it will be so considered on appeal.

**6. Forcible entry and detainer ⬳29(2)—Evidence of demands and promise to vacate held improperly excluded.**

In action for forcible entry and unlawful detainer by county to recover possession of house from former warden of convict camp, it was error to exclude testimony of demands for possession by two of plaintiff's agents and defendant's statement that he would give same as soon as he could.

**7. Landlord and tenant ⬳120(2)—Warden occupying house in convict camp bound to vacate on reasonable notice, and discharge sufficient notice.**

Warden of convict camp occupying house therein as tenant at will by implication is bound to vacate on reasonable notice, and his discharge from employment was sufficient notice.

**8. Landlord and tenant ⬳120(1)—Warden occupying house in convict camp entitled to reasonable time to vacate after notice.**

Warden of convict camp, occupying employer's house as tenant at will, is entitled to

reasonable time after notice to vacate; what constitutes same being question of law variable according to circumstances.

**9. Landlord and tenant ⬳120(2)—Reasonable time after demand for removal held allowed before suit.**

Where warden occupying employer's house, at convict camp was discharged on September 15th, possession of house demanded on October 15th, and suit filed on November 1st, reasonable time to permit removal had elapsed; 15 days being deemed sufficient.

**10. Forcible entry and detainer ⬳11(3)—Demand sufficient if made before suit.**

Demand for possession in case of forcible entry and detainer is sufficient if made any time before suit.

**11. Forcible entry and detainer ⬳29(3)—Evidence of lease to defendant held improperly admitted.**

In action by county against discharged warden occupying house in convict camp, evidence of title being irrelevant, proof of lease to defendant from alleged owner and lessor to plaintiff *held* improperly admitted under Code 1907, § 4271.

**12. Trial ⬳237(3)—Instruction requiring jury to be convinced, or to believe, held erroneous.**

Instructions requiring jury to be convinced by preponderance of evidence or to believe certain facts *held* erroneous; reasonable conviction, satisfaction, or belief being sufficient.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action of forcible entry and unlawful detainer by Jefferson County against Monroe Parker. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

See, also, 209 Ala. 138, 95 South. 364.

W. K. Terry, of Birmingham, for appellant.

A servant, refusing, upon his discharge, to deliver possession of a house on land in possession of the master, which had been occupied by him as part compensation for his services and incidental to his employment, is a trespasser, entitling the master to an action of forcible entry and detainer, without any notice to quit or demand of possession. Ferris v. Hoglan, 121 Ala. 242, 25 South. 834; Davis v. Williams, 130 Ala. 533, 30 South. 488, 54 L. R. A. 749, 89 Am. St. Rep. 55; Hicks Bros. v. Swift Creek Mill Co., 133 Ala. 411, 31 South. 947, 55 L. R. A. 720, 91 Am. St. Rep. 38; Dunstedter v. Dunstedter, 77 Ill. 580; People v. Annis, 45 Barb. (N. Y.) 304; Kerrains v. People, 60 N. Y 221, 19 Am. Rep. 158; Aubuchon v Foster, 202 Mo. App. 225, 215 S. W 781. If such servant is not a trespasser, he is, at most, a mere tenant by sufferance. Rutledge v White, 206 Ala. 329, 89 South. 599. In forcible entry and detainer the demand for possession need

not be in writing, but may be verbal, and even implied from circumstances. Knowles v. Ogletree, 96 Ala. 558, 12 South. 397. A forcible entry upon the actual possession of plaintiff being proven, it would be entitled to restitution, though the fee-simple title and present right of possession are shown to be in defendant. McCauley v. Weller, 12 Cal. 500; Farley v. Bay Shell Road Co., 125 Ala. 184, 27 South. 770; Dent v. Stovall, 200 Ala. 193, 75 South. 941; Archer v Sibley, 201 Ala. 495, 78 South. 849; Whaley v. Wynn, 208 Ala. 342, 95 South. 16.

Benton & Bentley, of Bessemer, for appellee.

No brief reached the Reporter.

SOMERVILLE, J. [1, 2] In this form of action—forcible entry and detainer—the plaintiff cannot recover unless he shows that the defendant has intruded upon his prior possession, either forcibly or by threats, or else peaceably but without the plaintiff's permission or consent. Code, § 4262; Self v. Comer, 166 Ala. 68, 52 South. 336; Victor Realty Co. v. Argumanian, 172 Ala. 108, 55 South. 621; Knowles v. Ogletree, 96 Ala. 555, 12 South. 397; 26 Corp. Jur. 830 [§ 66]. Under the statutory prescription, an entry by consent or under contractual agreement is not a forcible entry, actual or constructive, and does not give rise to the action of forcible entry and detainer.

Plaintiff's testimony tends to show that it had established its county convict camp No. 4 on land belonging to the Bessemer Coal, Iron & Land Company; that it was in possession of the land thus occupied under an agreement with said Bessemer Company of indefinite duration; that the occupied area included the house and lot in suit; and that defendant was put in possession of said house and lot by plaintiff, in connection with, and by reason of, defendant's employment by plaintiff as warden of the camp, in order that defendant and his family might reside in the camp while so employed.

[3] Such an occupation created, we think, a tenancy at will by implication. Rutledge v. White, 206 Ala. 329, 89 South. 599. It was more than a mere license, though presumptively it would be terminated, ipso facto, by the termination of the employment of which it was a part, whereupon the continued occupation by defendant would be merely as a tenant at sufferance. We do not think that defendant's occupation was that of a servant merely, leaving the possession in the master—as held under somewhat different circumstances in Kerrains v. People, 60 N. Y. 221, 19 Am. Rep. 158.

[4] Our view of the case is that, if the jury believed the evidence offered by plaintiff as to the manner of defendant's entry, they could not find for plaintiff as for a forcible entry and detainer. If, however, they believed plaintiff's evidence as to plaintiff's prior possession of these premises, and at the same time believed defendant's evidence as to the manner and intention of his entry, they could have so found for plaintiff; the essential factor of an unlawful refusal by defendant to vacate the premises being also found.

[5] The complaint contains no count for an unlawful detainer, but the record very clearly shows that counsel on both sides, as well as the trial court, dealt with the issue as including both forcible entry and detainer and unlawful detainer; the testimony and jury instructions being apt for both forms of action. In such a case, notwithstanding the technical form of the pleadings, this court will, on appeal, treat the case as one embracing both issues.

[6] The trial court erred in refusing to allow plaintiff to show, by its witness Harry, that Harry had authority to demand possession of the premises from defendant, after defendant's employment as warden was terminated; that Harry in fact made such a demand; and that on that occasion defendant told him that he would give the premises up to him as soon as he could get out and get a home. There was error, also, in excluding the testimony of plaintiff's witness Wheeler that he demanded possession from defendant, and that defendant told him that he would get out "just as soon as he could."

[7] If defendant occupied the premises as plaintiff's tenant at will by implication, he was bound to vacate on reasonable notice to do so, and his discharge from employment at the camp was, of course, a sufficient notice in that behalf, since the tenancy at will was thereby terminated.

[8] After such notice defendant was entitled to a reasonable time in which to vacate the premises. Rutledge v. White, 206 Ala. 329, 89 South. 599; Jones v. Temple, 87 Va. 210, 12 S. E. 404, 24 Am. St. Rep. 649; 16 R. C. L. 612, § 92. What is a reasonable time in such a case, the facts being undisputed, is a question of law, though variable according to the circumstances of the particular case. Jones v Temple, supra. If the premises be a dwelling house, the tenant must be allowed a sufficient time to enable him to remove his family, his furniture, and other property.

[9, 10] Defendant was discharged on September 15, 1921. Possession of the premises was expressly demanded of him on October 15, 1921; and this suit was filed on November 1, 1921. We hold that more than a reasonable time had elapsed between the termination of defendant's tenancy at will—if there was such a tenancy—and plaintiff's demand for possession; and also, if it be material, that 15 days was ample time to permit of defendant's removal. These holdings apply, of course, only to the issue of un-

lawful detainer, predicated upon the relation of landlord and tenant, as shown by plaintiff's testimony. On the theory of a forcible entry and detainer, demand for possession was timely if made at any time before suit.

[11] The question of title being irrelevant to the issues, defendant should not have been allowed to testify that he leased the premises from the alleged owner, the Bessemer Company, either for the year 1921, or 1922. Code, § 4271; Knowles v. Ogletree, 96 Ala. 555, 12 South. 397; Harris v. Harris, 190 Ala. 619, 67 South. 465.

[12] Several of the instructions given to the jury at the instance of defendant require that the jury be *convinced* of certain facts by a preponderance of the evidence, or that they must *believe* certain facts, before they can find for plaintiff.

*Reasonable* conviction, satisfaction, or belief, is all that is required, and all instructions of this sort should be framed accordingly.

For the errors noted above, the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and MILLER, JJ., concur.