28 So.2d 718

**GLENN v. NIXON.**

8 Div. 352.

Supreme Court of Alabama.

Nov. 7, 1946.

Rehearing Denied Jan. 16, 1947.

570 ·

W. C. Rayburn, of Guntersville, for appellant.

Claud D. Scruggs, of Guntersville, for appellee.

LIVINGSTON, Justice.

This is a proceeding in the nature of unlawful detainer, under Chapter 3, Title 31, Code, which deals with possession of land wrongfully withheld. In general effect, sections 35 and 36 of Chapter 3, supra, provide that where a tenant shall hold possession of land or tenancy over and beyond the term for which the same was leased to him, and after his right of possession has been terminated, or been forfeited, and the landlord makes affidavit to that effect before a justice of the peace or a court of like jurisdiction, and that he has demanded possession of such tenant, and that the tenant has refused to surrender possession, the landlord may have a writ of possession issued by such justice of the peace or court of like jurisdiction directed to any lawful officer, sheriff or constable, commanding such officer to deliver to the owner or his representative full and quite possession of the land.

Section 38, Title 31, Code, provides for the service of the writ of possession issued under section 36, supra. Section 37, Title 31, Code, provides for the arrest of the proceeding by the tenant.

Section 39, Title 31, Code, provides for a return of the proceeding to the justice of the peace or court issuing same, and that the fact or facts in issue shall be tried by such justice or court on the third day after delivery to said sheriff or constable of the counter affidavit: Sundays and legal holidays excepted. The succeeding sections provide for judgment and appeal.

■ The proceeding is purely statutory, and partakes of the nature of unlawful detainer. The burden is on the plaintiff to show that the tenant is holding over and beyond the term for which he rented or after his right of possession has terminated or been forfeited.

This case originated in the justice of the peace court, and resulted in a judgment for the landlord. The tenant appealed to the Circuit Court of Marshall County where the issues were tried, and again resulted in a judgment for the plaintiff landlord. From the last said judgment, the tenant appellant prosecuted this appeal.

It seems undisputed that the tenant occupied the premises for eleven months during the year 1944, and was still occupying it on January 5, 1945. On said date the tenant paid the landlord $100 for past occupancy, the landlord agreeing to "knock off" $10 of the accrued rent.

■ It is also undisputed that the lease or renting was ore tenus, and the question of its existence and terms was for the trial court who tried the case without a jury. Garrett v. Reid, 244 Ala. 254, 13 So.2d 97. The cause was tried on testimony taken ore tenus before the trial judge, and the usual presumption supporting his findings of fact will be indulged on appeal.

In effect the trial court found that the tenancy was from month to month. On the record, and under the rule prevailing, we are not willing to. disturb that finding.

■ In Garrett v. Reid, supra, it was held that in a proceeding under section 35, Title 31, Code, where the tenancy ran by the year, two notices were required before in-

voking the aid of the section: (1) A notice terminating the tenant's possessory interest, and (2) the demand for the delivery of possession required by section 967, Title 7, Code. In cases of tenancy from month to month, it is clear enough that the landlord cannot oust the tenant without first terminating the tenant's possessory interest. The procedure for so doing is provided for by section 5, Title 31, Code. It is equally clear that the procedure provided for by Chapter 3, Title 31, supra, being in the nature of an action in unlawful detainer, must be read in pari materia with section 967, supra, which provides that "an unlawful detainer is where one who has lawfully entered into possession of lands as tenant, fails or refuses on ten days' demand in writing after the termination of his possessory interest, to deliver the possession thereof to anyone lawfully entitled thereto, his agent or attorney; * * *" Therefore a termination of the tenant's possessory interest, and a demand for possession must precede the institution of proceedings provided by Chapter 3, Title 31, Code, where the letting is from month to month.

 In the instant case the landlord, on January 15, 1945, notified the tenant to quit, and surrender possession of the premises involved on or before the first day of February, 1945. This notice was sent by registered mail. The tenant admitted getting the notice and no further proof in that regard was necessary. The contents of the notice were sufficient to terminate the tenant's possessory interest, although it does refer to section 3, Title 31, Code, instead of section 5 of said title, the reference being mere surplusage.

On February 14, 1945, the landlord, in writing, demanded of the tenant delivery of possession of the premises "on the 24th day of February, 1945, or, at the expiration of ten (10) days from the receipt of this notice." This notice was served on the tenant by the sheriff of Marshall County on the 17th day of February, 1945. This notice was a sufficient demand for the delivery of possession under the provisions of section 967, Title 7, supra, although the last clause thereof is as follows, "it being my intention to terminate the tenancy."

The proceeding in the justice of the peace court was instituted under section 35, Title 31, Code, on March 12, 1945. On March 16, 1945, the cause was tried in the justice of the peace court, and, as stated above, resulted in a judgment for the landlord. The proceedings in the justice court were instituted in accordance with the applicable statutes, and we find no error therein.

The trial court rendered judgment against the appellant and the sureties on his supersedeas bond in the amount of $204.00 for the rent of the premises, pending the appeal from the justice court to the circuit court. This was in accordance with section 43, Title 31, Code, and the conditions of the bond.

On appeal to this Court, the appellant entered into a supersedeas bond conditioned to pay the judgment of the lower court, rent and damages which appellee may sustain by the prosecution of said appeal. Judgment will be here entered against the appellant, and the sureties on his supersedeas bond, in accordance with the judgment of the trial court, and for an additional amount to cover the rent of the premises from the date of the judgment in the circuit court to the date of the surrender of the premises, Jan. 1st, 1946, at the rate of $360.00 per annum.

The cause is due to be, and is, in all things, affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.