41 So.2d 405

### CRANFORD v. LAWRENCE et al.
### 8 Div. 488.

Supreme Court of Alabama.
June 23, 1949.

W. C. Rayburn, of Guntersville, for appellant.

Marion F. Lusk, of Guntersville, for appellees.

LAWSON, Justice.

This is a proceeding in the nature of unlawful detainer, under Title 31, Chapter 3, Code 1940, which deals with possession of land wrongfully withheld.

446

The case originated in a justice of the peace court and resulted in a judgment for the landlord. The tenant appealed to the circuit court of Marshall County where the case was tried on testimony taken ore tenus before the trial judge. In the circuit court there was a judgment for the tenant. The landlord has appealed.

■ Such a proceeding is purely statutory. It is well established that on the trial of such a case the burden is upon the landlord to show that the tenant is holding over and beyond his term for which the same was rented or after his right of possession has terminated or been forfeited. Garrett v. Reid, 244 Ala. 254, 13 So.2d 97; Glenn v. Nixon, 248 Ala. 569, 28 So.2d 718.

It is undisputed that the lease or renting was verbal, and the question of its existence and terms was for the trial court who, as before pointed out, tried the case without a jury.

■ In effect the trial court found that the term of the lease under which the defendants were in possession of the property had not expired at the time these proceedings were instituted. There was ample evidence to support such a finding on the record, and under the presumption which prevails when a case is tried before the court without a jury, we are not willing to disturb that finding.

It follows that the judgment of the trial court must be affirmed.

Affirmed.

FOSTER, SIMPSON, and STAKELY, JJ., concur.