60 So.2d 432

**RILEY et al. v. RILEY.**

**7 Div. 94.**

Supreme Court of Alabama.

Aug. 27, 1952.

Dempsey & Hardegree, Ashland, for appellee.

A. L. Crumpton, Ashland, for appellants.

LAWSON, Justice.

This is a proceeding in the nature of unlawful detainer under Title 31, Chapter 3, §§ 35–45, Code 1940, brought by H. D. Riley against his brother and sister, John T. and Ethel Riley.

From an adverse judgment in the justice court, the defendants there appealed

to the circuit court, where the proceedings were transacted *de novo*. In the circuit court a jury trial resulted in a verdict in favor of H. D. Riley. Judgment was in accord with the verdict. Their motion for new trial having been overruled, John T. and Ethel Riley have appealed to this court.

In the justice of the peace court the defendants, John T. and Ethel Riley, admitted "that they had been given legal notice to terminate their right of possession of the property sued for, and had been given legal notice for demand of possession of said property * * *" When the cause came on for trial in the circuit court the defendants admitted that the notice to terminate and demand for possession were timely served on them, but they objected to their admission in evidence on the sole ground that H. D. Riley had signed the notice and demand as owner of the premises rather than as landlord. The action of the trial court in overruling their objections is assigned as error.

■ We have treated Chapter 3, Title 31, Code 1940, as relating to an action by a landlord against a tenant. Garrett v. Reid, 244 Ala. 254, 13 So.2d 97; Glenn v. Nixon, 248 Ala. 569, 28 So.2d 718; Cranford v. Lawrence, 252 Ala. 445, 41 So.2d 405. Yet, the word "landlord" is not used in that chapter. The word "owner" is used. We think the ground of objection interposed to the introduction in evidence of the notice and demand is hypercritical. The objections based on that ground were overruled without error.

■ The rule in respect to a motion by a defendant to exclude all the plaintiff's evidence is that the trial court will not be put in error for refusing the motion, nor will it be put in error for granting it if the evidence does not make a prima facie case. Hamilton v. Browning, Ala.Sup., 57 So.2d 530; Stevens v. Deaton Truck Line, 256 Ala. 229, 54 So.2d 464; Johnson v. Shook & Fletcher Supply Co., 245 Ala. 123, 16 So.2d 406; Mt. Vernon-Woodberry Mills v. Little, 222 Ala. 605, 133 So. 710.

Error is assigned because of the trial court's refusal to give the following written charge requested by the defendants: "The court charges the jury that if you believe the evidence in this case your verdict must be in favor of the defendants." This charge was properly refused if the evidence was sufficient to take the case to the jury as to either of the defendants. Yarbrough v. Armour & Co., 31 Ala.App. 287, 15 So.2d 281.

The property involved in this suit belonged to the father of these parties. He came into possession in about 1915. It consists of a home and several acres of tillable land. Plaintiff never lived on the property, as he had married and established his own home prior to the time his father acquired the suit property. On the other hand, the defendants lived in the home on the property as members of the family. The suit property was sold for taxes in 1931 and it seems that the Town of Lineville, Clay County, became the purchaser. In 1934 the plaintiff, H. D. Riley, obtained a deed to the property from the Town of Lineville.

There are tendencies of the evidence going to show that from 1934 until their deaths the father and mother occupied the home as tenants at will of plaintiff. Plaintiff paid the taxes on the property and made improvements on the house. As to the farm land, the evidence tends to show that it has been in possession of plaintiff through other tenants. The mother of these parties died in January, 1946, and the evidence tends to show that from that time until the notice to quit was served upon the defendants they occupied the home as tenants at will of plaintiff.

■ We have set out the tendencies of the evidence in the light most favorable to plaintiff, as under the rule we must do when insistence is made by defendants below that they were entitled to the affirmative charge. Duke v. Gaines, 224 Ala. 519, 140 So. 600; Hamilton v. Browning, supra.

We have said that the procedure provided by Chapter 3, Title 31, supra, is in the nature of an action in unlawful detainer

and is intended to afford a more speedy remedy to a landlord to recover possession of his land after the expiration of the term of the lease or right of possession by the tenant. Williams v. Prather, 236 Ala. 652, 184 So. 473; Garrett v. Reid, supra; Glenn v. Nixon, supra. The general principles which relate to actions of unlawful detainer have application to actions brought under Chapter 3, Title 31, supra.

■ The fact that the evidence did not show a contract of rental for a definite term did not in and of itself entitle defendants to the affirmative charge. A permissive occupation for an indefinite period, without reservation of rent, is by implication a tenancy at will and the landlord or owner is entitled to recover in an action of unlawful detainer where proper notice to quit is given the tenant. Rutledge v. White, 206 Ala. 329, 89 So. 599.

In the recent case of King v. Taylor, 252 Ala. 210, 212, 40 So.2d 631, 632, we said:

"In the absence of proof showing prior actual possession by plaintiff or her grantor (which is essential to sustain the action of unlawful detainer), the defendant was entitled to the affirmative charge and the court erred in refusing the same. * * *"

■ But this means only a possession prior to the inception of the wrongful possession of the defendant—i. e., prior to the beginning of the unlawful detainer. Whaley v. Wynn, 208 Ala. 342, 95 So. 16. In this connection it was said in Nicrosi v. Phillippi, 91 Ala. 299, 304–305, 8 So. 561, 562 as follows:

"It is insisted here that the plaintiff's right to recover must in all cases rest upon a prior actual possession, actual in the sense of being *possessio pedis* by him personally, and prior in the sense of antedating defendant's entry. This is not the law. The books are full of declarations to the effect that in this action, and in that of forcible entry and detainer, the plaintiff must show prior actual possession. We have no purpose to dissent from that view in any particular. It is not meant thereby, however, that the plaintiff in unlawful detainer must show actual possession either in himself or in another for him, antedating the entry of the defendant. What is meant is that he shall prove an actual possession in himself prior in point of time to the inception of the *wrongful possession* of the defendant; prior to the beginning of the *unlawful detainer* by the defendant. Where the *gravamen* of the action is forcible entry, the plaintiff's possession must, of course, antedate the entry, since that is an offense only against the then existing possession, and must be redressed by the party who had that possession. But here the offense is against the possession which existed up to the moment of time when the defendant ceased to hold under his lease, and assumed to hold otherwise than in subordination to him whose possession he theretofore had. So long as the tenant holds under his lease, his actual possession is the actual possession of the landlord; and proof of this actual possession, through and by his tenant, prior to and continuing to the time of the beginning of the unlawful detainer, fully meets the requirements of the doctrine under consideration."

■ We are fully aware of the principle that in an action of this kind the question of title is not involved and plaintiff's right to recover cannot be based on the deed which he obtained from the Town of Lineville in 1934. We think, however, that under the evidence a jury question was presented as to whether the relationship of landlord and tenant existed, Rutledge v. White, supra, and as to whether plaintiff had been in actual possession of the property prior in point of time to the inception of the wrongful possession of the defendants. Nicrosi v. Phillippi, supra.

■ Written charges 4 and 8 given at the request of the plaintiff state correct principles of law applicable to the facts of this case and were given without error.

We are unwilling to say that the trial court erred in refusing to grant the mo-

640

tion for new trial on the ground that the verdict was contrary to the great weight of the evidence: We cannot say that the preponderance of the evidence against the verdict .is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

Affirmed.

LIVINGSTON, C. J., and FOSTER, SIMPSON and STAKELY, JJ. concur.