167 So.2d 172

**Vicky HARRISON, pro aml**

v.

**Allen HALL.**

**I Div. 218.**

Supreme Court of Alabama.

Aug. 27, 1964.

Horne, Webb & Tucker, Atmore, for appellant.

Windell C. Owens, Monroeville, for appellee.

HARWOOD, Justice.

The plaintiff below sought damages for injuries allegedly incurred when she was struck by defendant's automobile.

Count 1 avers that the plaintiff "was riding a bicycle upon a public street in the city of Monroeville * * *." Count 2 alleging wanton conduct, avers that "the plaintiff was riding a bicycle on a public street in the city of Monroeville where she had a right to be * * *." At the conclusion of plaintiff's evidence the court below granted the defendant's motion to exclude the evidence and entered a judgment for the defendant on the ground that a fatal variance existed between the allegations of the complaint and the proof submitted.

On her direct examination, Vicky Harrison, age 12, testified that at about dark on 12 August 1962, she "was going to the store and I was on Pike Street." Pike Street was shown to be in Monroeville.

The following excerpts from this witness' testimony on direct examination will tend to show its equivocal nature.

"Q Were you traveling down the roadway?

"A I was on the side of the road.

* * * * * *

"Q I mean just before the accident happened, or when the accident happened, was your bicycle on the roadway?

"A No, sir.

"Q Where was it?

"A It was on the edge.

* * * * * *

"Q Tell us then in relation—Vicky tell us whether or not you were on the blacktop roadway.

"A No, sir.

"Q Then where were you?

"A I was a pretty good piece off.

"Q How far off?

"A I was on the gravel part.

"Q The gravel part. Were you in anybody's yard or going across the yard of anybody's house?

"A Well I wasn't right in the yard.

* * * * * *

"Q Were you between—you said you weren't on the blacktop and you weren't in the yard—were you between those two places?

"A Yes, sir."

On cross examination the plaintiff testified that the Southside Baptist Church is on the corner and that the defendant's home is next to the church. On the night in question, and generally on all occasions as she would approach Pike Street to go to the store, she would cut across the church yard and then across Mr. Hall's yard, and that she had done this just prior to the accident. She then testified as follows:

"Q Now you had come up it part of the way and cut across the Southside Church lot hadn't you? On that occasion?

"A Yes, sir.

"Q And across Mr. Hall's yard hadn't you?

"A It was in front of his house.

"Q But it was in his yard wasn't it? I'm just asking you to tell the truth about the thing, I don't want you to tell anything that's not right. And that

is where the accident happened, in his yard there wasn't it?

"A Yes, sir, as he started to turn in.

"Q As he turned in his yard he met you coming across didn't he?

"A I was just getting out of his yard, just passed his house.

"Q He had come up the street and turned in his driveway hadn't he? And he met you as you came across his yard?

"A Yes, sir.

"Q That's actually what happened isn't it young lady?

"A Yes, sir."

The plaintiff was the only witness who testified as to the location of the accident. Certainly resort to speculation and surmise would be necessary to determine this location from her direct examination. This surmise and speculation as to the location of the accident is removed when her testimony on cross examination is considered. Clearly her testimony on cross examination was to the effect that the accident occurred in the yard of Mr. Hall's home, and not on Pike Street.

 The rule in respect to a motion by a defendant to exclude all the plaintiff's evidence is that the trial court will not be put in error for refusing the motion, nor will it be put in error for granting it if the evidence does not make a prima facie case. Atlantic Coast Line Co. v. French, 261 Ala. 306, 74 So.2d 266; Riley v. Riley, 257 Ala. 636, 60 So.2d 432; Stevens v. Deaton Truck Line, 256 Ala. 229, 54 So.2d 464.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.