172 So.2d 538

George COWARD et al.

v.

W. H. McKINNEY et al.

5 Div. 807.

Supreme Court of Alabama.

March 4, 1965.

Hooton & Hooton, Roanoke, and Robertson & Beasley, Clayton, for appellants.

Billie Anne Tucker, La Fayette, for appellees.

LAWSON, Justice.

This is an appeal from a judgment granting a motion for new trial.

W. H. McKinney and W. L. Rogers, d/b/a McKinney-Rogers Leasing Company, filed their complaint in the Circuit Court of

Randolph County against George Coward and Boyd Brothers Transportation Company, Inc., and others who were later dropped as parties defendant by an amendment to the complaint.

In their amended complaint the plaintiffs claimed damages for the loss of the use and services of their truck alleged to have been damaged in a collision with a truck owned by the defendant Boyd Brothers Transportation Company and driven by the defendant George Coward. The damage to plaintiffs' truck was alleged to have resulted from the negligence of the defendant Coward while acting within the line and scope of his employment as an agent, servant or employee of the defendant Boyd Brothers Transportation Company.

The "defendant" pleaded the general issue in short by consent in the usual form.

Plaintiffs called four witnesses and then rested. None of the witnesses called by plaintiffs gave any testimony tending to connect either defendant with the ownership or operation of the truck with which plaintiffs' truck collided.

Immediately after the plaintiffs rested, the defendants called as their witness one Richard O. Mize, an Alabama State Trooper, who reached the scene of the collision about an hour after it occurred.

After the defendants concluded their direct examination of the witness Mize, one of their attorneys stated to the court as follows:

" *  *  * I would like to make an oral motion at this time. I would like to exclude the evidence as to the defendant, Boyd Brothers Transportation Company, on the grounds that agency has not been proved between the driver, George Coward, and Boyd Brothers Transportation."

The jury was removed from the courtroom and counsel renewed his motion to exclude the evidence as to the defendant Boyd Brothers Transportation Company "based on the absolute failure on the part of the plaintiffs to prove any agency whatsoever between George Coward, the driver of the vehicle, and Boyd Brothers Transportation Company  *  *  *."

Thereafter a colloquy ensued between the Court and counsel for both sides. During the course of the colloquy one of the attorneys for the defendants was asked by the Court if the defendants rested their case. The reply was in the negative. The Court then directed the following question to the attorney for the defendants: "You are limiting your motion just to Boyd Brothers, without the other defendant?" The attorney replied: "We make it as to Boyd Brothers separately, as to George Coward separately, and that's all the defendants. We make it as to each defendant separately and severally." Despite the fact that counsel for the plaintiffs pointed out that the plaintiffs had not been given an opportunity to cross-examine the witness Mize, the trial court granted the motion to exclude the evidence.

The jury was recalled and was advised that the court had granted the defendants' motion to exclude the evidence and the jury was instructed to find a verdict for the defendants.

Based on such instructions, the jury returned a verdict for the defendants and a judgment in accord with the verdict was entered.

Thereafter the plaintiffs filed their motion for new trial, which was granted. Hence, this appeal by the defendants.

■ The rule in respect to a motion in a civil case by a defendant to exclude all the plaintiff's evidence is that the trial court will not be put in error for refusing the motion, nor will it be put in error for granting it if the evidence does not make a prima facie case. Atlantic Coast Line R. Co. v. French, 261 Ala. 306, 74 So.2d 266; Riley v. Riley, 257 Ala. 636, 60 So.2d 432, and cases cited; Mazer v. Brown, 259 Ala. 449, 66 So.2d 561; McMullen v. Daniel, 229 Ala. 194, 155 So. 687; Dorough v. Ala-

**516**

bama Great Southern R. Co., 221 Ala. 305, 128 So. 602.

■ The plaintiffs in this case did not offer any proof tending to connect either of the defendants with the operation or ownership of the truck which was involved in the collision with plaintiffs' truck and, if the trial had terminated when the plaintiffs rested their case, the trial court could have granted without reversible error a motion by defendants to exclude all of the plaintiffs' evidence. But the trial did not end at that point. As we have shown, the defendants called one Mize as their witness, whom they examined at considerable length on direct examination. Without resting their case, the defendants moved to exclude all of the evidence and the trial court granted that motion even before the defendants had rested and without giving the plaintiffs an opportunity to cross-examine Mize. In so doing the trial court was in error and, therefore, correctly granted the plaintiffs' motion for a new trial.

Testimony was elicited by counsel for the defendants from their witness Mize which was sufficient to warrant the jury in finding that the truck which collided with plaintiffs' truck was owned by the corporate defendant Boyd Brothers Transportation Company, Inc. And there was ample evidence to go to the jury on the question of the negligence of the driver of that truck.

However, no evidence was adduced by either the plaintiffs or the defendants tending to connect the defendant George Coward with the Boyd Brothers truck. The evidence does not show who was the driver of that truck.

But the plaintiffs were not permitted to cross-examine Mize. If they had been permitted to cross-examine him they may have been able to show that Coward was the driver of the Boyd Brothers truck.

■ It is part of our statute law that every party has the right of cross-examination, thorough and sifting, of the witnesses who testify against him. § 443, Title 7, Code 1940; Sowell v. State, 30 Ala.App. 18, 199 So. 900; Mobile & O. R. Co. v. Watson, 221 Ala. 585, 130 So. 199.

■■ In this state, the so-called English rule of cross-examination prevails, that is, the cross-examination is not limited to matters brought out on direct examination of a witness, but extends to all matters within the issues of the case. Madden v. State, 40 Ala.App. 271, 112 So.2d 796, cert. denied, 269 Ala. 697, 112 So.2d 800.

The judgment granting the plaintiffs' motion for new trial is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.