203 So.2d 699

**Warren JONES et al.**

v.

**Clay KILLIAN.**

**7 Div. 802.**

Court of Appeals of Alabama.

Nov. 7, 1967.

Jack Floyd, Gadsden, for appellants.

**134**

Hawkins & Rhea, Kenneth Cain and Dortch, Allen, Wright & Wright, Gadsden, for appellee.

JOHNSON, Judge.

The Circuit Court of Etowah County, Alabama, awarded to appellee the sum of $1,000 as damages on his suit for damages for unlawful arrest, from which judgment this appeal is made.

On June 18, 1960, appellee, his wife and a Mr. and Mrs. Crump were among several people visiting at Alred's Marina in Marshall County, Alabama, at which time said county was dry.

Appellee testified that shortly after 10:00 P.M. while he was on the pier at which his houseboat was docked, he heard his wife call for him in an excited voice "verging on hysteria"; that when he reached her he saw appellant Dobbins holding her arm and he had a can of beer in his hand; and that Dobbins stated that he was a deputy sheriff. Appellee stated that Dobbins told him that the people (appellee's wife and the Crumps) were under arrest; that Dobbins was rough in the treatment of appellee's wife; and though appellee pleaded for Dobbins to not take them to jail, Dobbins did do so. Dobbins told appellee that he (appellee) "was going too", put him into the car, and took him to the jail where Deputy Hart, who was also at the Marina with Dobbins, made out a complaint and warrant against appellee. Appellee further stated that Dobbins did not go to the jail, but remained at the Marina.

A certified record of the docket entries of the Circuit Court of Marshall County, Alabama, Guntersville Division, December 2, 1960, State of Alabama vs. #5148, Clay Killian, was introduced into evidence as Plaintiff's Exhibit No. 2. This exhibit stated in part that "We, the jury, find the defendant [appellee] not guilty", and that the defendant (appellee) was discharged. The charge against appellee, as stated on the docket, was "interfering with an officer".

Appellant, Sheriff Jones, whose official surety bond of $10,000 was with the Gulf American Fire and Casualty Company and who was the duly elected Sheriff of Marshall County, Alabama from 1959 to 1963, testified that Dobbins was issued a special deputy's badge and card at the request of the Marshall County Park Association, by whom Dobbins was employed; that he did not know Dobbins had gone with Deputy Hart to the Marina the night appellee was arrested, but he (the sheriff) had used Dobbins "a time or two as a special deputy on special details". The sheriff further stated that Dobbins was not on his payroll.

Deputy Sheriff Hart testified that Dobbins asked to accompany him the night of appellee's arrest; that Dobbins did arrest Mrs. Killian and the Crumps; that appellee "punched" Dobbins and that he (Hart) told appellee that he was under arrest for interfering with an officer.

Testimony from appellee's trial was read to Dobbins while he was a witness, eliciting corroboration by him of statements given at that prior trial that he (Dobbins) was "a deputy sheriff".

■ The assignments of error of appellant cannot be considered by this court. The Supreme Court of Alabama speaking through Lawson, J., in Dudley Brothers Lumber Co. v. Long, etc., 268 Ala. 565, 109 So.2d 684, aptly states the general rule of law as follows:

"* * * This court has repeatedly held that only adverse rulings of the trial court are subject to assignment of error on appeal from a judgment in a civil case based on a jury verdict. Morris v. Yancey, 267 Ala. 657, 104 So.2d 553, and cases cited."

■ In view of the fact that these assignments of error have been argued in bulk, when one is found to be without merit, the others will not be considered. Dudley Brothers Lumber Co. v. Long, etc., supra; State v. Barnhill, 280 Ala. 574, 196 So.2d 691.

■ Appellant's motion to exclude appellee's evidence was also properly refused, as the proper means of attacking the insufficiency of evidence is by a request for the affirmative charge. Mazer v. Brown, 259 Ala. 449, 66 So.2d 561; Dudley Brothers Lumber Co. v. Long, etc., supra; see also Coward v. McKinney, 277 Ala. 513, 172 So.2d 538; Western Railway of Alabama v. Brown, 280 Ala. 543, 196 So.2d 392.

The judgment in this cause is due to be and the same is hereby

Affirmed.